J-A08005-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| MICHAEL F. KISSELL | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CHRISTOPHER P. SKATELL | : | No. 567 WDA 2022 |

Appeal from the Order Entered May 6, 2022
In the Court of Common Pleas of Westmoreland County
Civil Division at No: 3940 of 2020

BEFORE: STABILE, J., SULLIVAN, J., and PELLEGRINI, J.[*]

JUDGMENT ORDER BY STABILE, J.: **FILED: March 23, 2023**

Appellant, Michael F. Kissell, filed an appeal *pro se* from the May 6, 2022 order entered in the Court of Common Pleas of Westmoreland County that sustained preliminary objections of Appellee, Christopher P. Skatell, based on improper service of a complaint and in the nature of a demurrer, and dismissed Appellant's complaint with prejudice. Appellee has filed a motion to dismiss the appeal pursuant to Pa.R.A.P. 1972(a)(5) for failure to preserve the question below, and pursuant to Pa.R.A.P. 2101 for failure to comply with the rules of appellate procedure with regard to matters to be included in an appellant's brief, including Pa.R.A.P. 2111(a)(1) (statement of jurisdiction); Pa.R.A.P. 2111(a)(2) (order or determination in question); Pa.R.A.P.

_____

[*] Retired Senior Judge assigned to the Superior Court.

2111(a)(3) (scope and standard of review); Pa.R.A.P. 2111(a)(4) (statement of questions involved); Pa.R.A.P. 2111(a)(6) (summary of argument); and Pa.R.A.P. 2111(a)(9) (conclusion stating precise relief sought). Appellee further cites Appellant's failure to file a reproduced record as required by Pa.R.A.P. 2186(a)(1) in support of dismissal pursuant to Pa.R.A.P. 2188. Appellee's Motion to Dismiss, 3/1/23, at ¶¶ 1-9.

Appellant filed a "Response to Skatell Dismissal" on the same day, contending that Appellee "now wants to deceive the Honorable Superior Court using the Rules of the Court he has declared." Appellant's Response, 3/1/23, at 1. Appellant did not address, and did not correct, any of the deficiencies identified by Appellee.

"This Court may quash or dismiss an appeal if the appellant fails to conform to the requirements set forth in the Pennsylvania Rules of Appellate Procedure." *Commonwealth v. Adams*, 882 A.23d 496, 497 (Pa. Super. 2005) (citing Pa.R.A.P. 2101). "[T]he omission of a statement of questions presented is 'particularly grievous since the statement . . . defines the specific issues this court is asked to review.'" *Smathers v. Smathers*, 670 A.2d 1159, 1160 (Pa. Super. 1996) (quoting *Commonwealth v. Maris*, 629 A.2d 1014, 1016 (Pa. Super. 1993)). "When the omission of the statement of questions presented is combined with the lack of any organized and developed arguments, it becomes clear that appellant's brief is insufficient to allow us to conduct meaningful judicial review." *Id.*

As this Court stated in **Smithson v. Columbia Gas of PA/NiSource**, 264 A.3d 755 (Pa. Super. 2021):

> "[A]lthough this Court is willing to construe liberally materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant." **Commonwealth v. Lyons**, 833 A.2d 245, 251-52 (Pa. Super. 2003). "[A] *pro se* litigant must comply with the procedural rules set forth in the Pennsylvania Rules of the Court." **Commonwealth v. Freeland**, 106 A.3d 768, 776 (Pa. Super. 2014) (quoting **Lyons**, 833 A.2d at 252). "[A]ny layperson choosing to represent himself [or herself] in a legal proceeding must, to some reasonable extent, assume the risk that his [or her] lack of expertise and legal training will prove his [or her] undoing." **Commonwealth v. Gray**, 415 Pa. Super. 77, 608 A.2d 545, 550 (1992) (citation omitted).

*Id.* at 760. Further, this Court has clearly stated that we "will not act as counsel[.]" **Commonwealth v. Hardy**, 918 A.2d 766, 771 (Pa. Super. 2007). Moreover, "[w]e shall not develop an argument for an appellant, nor shall we scour the record to find evidence to support an argument[.]" **Milby v. Pote**, 189 A.3d 1065, 1079 (Pa. Super. 2018).

Here, as in **Smithson**,

> Appellant's disregard for the Rules of Appellate Procedure has left this Court without the ability to conduct effective review. **See** [**Branch Banking and Trust v. Gesiorski**, 904 A.2d 939, 942-43 (Pa. Super. 2006)] (declining to consider merits due to brief that was "wholly inadequate to present specific issues for review"). Accordingly, we dismiss this appeal without consideration of the merits of Appellant's issues. **See** Pa.R.A.P. 2101 ("[I]f the defects are in the brief or reproduced record of the appellant and are substantial, the appeal or other matter may be . . . dismissed.").

**Smithson**, 264 A.3d at 761.

Because the defects in Appellant's brief are substantial, such that this Court is not able to conduct any meaningful review, we shall grant Appellee's Motion to Dismiss.

Motion to Dismiss granted. Appeal dismissed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  3/23/2023