J-A09008-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| ROBERT L. PAULETTA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ACNB BANK | : | No. 949 MDA 2022 |

Appeal from the Order Entered June 17, 2022
In the Court of Common Pleas of Cumberland County
Civil Division at No(s): 2022-00716

BEFORE: PANELLA, P.J., OLSON, J., and KUNSELMAN, J.

MEMORANDUM BY PANELLA, P.J.:                    **FILED: MAY 31, 2023**

Robert L. Pauletta appeals, *pro se*, from the order dismissing his complaint with prejudice and barring Pauletta from filing further *pro se* litigation regarding the same issues against ACNB Bank. Pauletta's complaint alleged that ACNB Bank improperly caused him to lose certain real properties and income streams. Despite his prior involvement in extensive litigation against ACNB Bank and related parties in two counties, Pauletta argues that the instant matter involves distinct causes of action and therefore, the trial court improperly dismissed his complaint. After careful review, we affirm.

The meager record in this case provides little clarity concerning the factual and procedural history of this matter. We have discerned the following, albeit brief, details from our review of the trial court's opinion and decisions rendered by this Court relating to Pauletta's previous litigation. Pauletta is the

sole member of Ream Properties, LLC ("Ream"). *See Ream Properties, LLC v. Hamilton*, 185 A.3d 1107, 323 MDA 2017 (Pa. Super. filed Feb. 12, 2018) (unpublished memorandum at 1). "In April 2008, Ream entered into an agreement with Thomas and Theresa Hamilton ("the Hamiltons") to acquire, rehabilitate, and resell real properties located in Dauphin County." *Id.* At some point, the business relationship began to sour, and the parties became embroiled in litigation in both Dauphin and Cumberland Counties.

<u>The Cumberland County Case</u>

The claims in the Cumberland County case stem from a $125,000 line of credit made by [ANCB Bank] to Ream … in May 2011, repayment of which was guaranteed by [Pauletta] in a Commercial Guaranty Agreement…. [The line of credit was secured by the Hamiltons, who mortgaged their personal residence as collateral in agreements limited to the pledge of the Hamiltons' Property.] In November 2012, Judgment was entered by confession in the Adams County Court of Common Pleas in the amount of $99,799.72, against Ream … as borrower and [Pauletta] as guarantor, and was later transferred to Cumberland County. As part of the litigation, the Cumberland County case also included an examination of the propriety of the Assignment of Note, Mortgage, Guaranty and Judgments from [ACNB Bank] to [the Hamiltons]…. The court in the Cumberland County case held that the assignment of the loan was neither prohibited by the Commercial Guaranty Agreement, nor was it executed in bad faith. Finally, in response to the appeal, [the trial court] issued a 1925(a) opinion, which among other things, explained that the Commercial Guaranty Agreement explicitly gave [ACNB Bank] "an unrestricted right to freely assign the Guaranty without notice or demand to [Pauletta]" and stated that there was no violation of any duty of good faith or fair dealing. [This Court] confirmed the judgment and dismissed [Pauletta's] appeal.

<u>The Dauphin County Case</u>

In the Dauphin County case, [Pauletta], acting *pro se*, filed an action against [ACNB Bank] seeking an amount exceeding one

hundred million dollars. The Dauphin County case involved, among other things, [ACNB Bank] striking down a default judgment that [Pauletta] had improperly obtained against it. Most importantly to this case, [Pauletta] repeated his claims related to the Assignment in the Dauphin County case, which ultimately resulted in the granting of [ACNB Bank's] Preliminary Objection and a dismissal of the case with prejudice. … [The trial court] stated in a Memorandum Opinion and Order that "regardless of how [] Pauletta tries to characterize it," the issue in this case was "whether or not it was improper for the Bank to assign the Line of Credit and the confessed judgments to [the Hamiltons]. … [Pauletta] never filed an appeal.

Trial Court Opinion, 8/12/22, at 2-3 (footnotes and some capitalization and brackets omitted); ***ACNB Bank v. Ream Properties, LLC***, 181 A.3d 422, 1063 MDA 2017 (Pa. Super. filed Nov. 16, 2017) (unpublished memorandum).

In the instant matter, on January 27, 2022, Pauletta filed a complaint against ACNB Bank. Pauletta identified nine causes of action,[1] each of which related to the line of credit and the assignment of loan documents from ACNB Bank to the Hamiltons. Pauletta sought compensatory damages totaling $1 million for the loss of the properties and approximately $1.7 million for loss of income from the properties. He also requested "treble damages for $8,131,801.41 for the loss of the properties and loss of the past and future income from the properties and mental duress." Complaint, 1/27/22, ¶ 67.

_____

[1] The causes of action include conversion, concerted tortious conduct, aiding and abetting partial assignment of judgment, aiding and abetting unenforceable negotiable instrument, aiding and abetting breach of fiduciary duty, aiding and abetting professional malpractice, tortious interference of a business relationship, aiding and abetting negligence, and intentional infliction of emotional distress.

In response, ACNB Bank filed preliminary objections for failure to join Ream as a necessary party and general failure to comply with the Pennsylvania Rules of Civil Procedure. ACNB Bank also filed a motion to dismiss frivolous complaint pursuant to Pa.R.C.P. 233.1 asserting that the underlying issues had previously been litigated.

Pauletta filed *pro se* responses, in which he appeared to assert that by identifying an assortment of "aiding and abetting" causes of action, he raised distinct claims that had not previously been addressed. **See** Response to Motion to Dismiss Frivolous Complaint, 3/7/22, ¶¶ 2-4. He additionally argued his attorney breached his fiduciary duty because "he had a borrowing relationship with ACNB Bank and a close personal relationship with the bank's president and would do nothing to alienate these relationships." **Id.**, ¶ 4; **see also** Response in Opposition to Defendant's Brief in Support of Motion to Dismiss Frivolous Complaint, 4/22/22, at 1-2 (arguing his attorney's involvement constitutes "new evidence").

By an order dated June 15, 2022,[2] the trial court granted ACNB Bank's motion to dismiss frivolous complaint, dismissed Pauletta's complaint with prejudice, and barred Pauletta

> from filing any further *pro se* litigation against Defendant ACNB Bank, its employees, or agents, relating in any way to the matters addressed in the Complaint, including without limitation the Line of Credit from ACNB Bank to Ream Properties, LLC and the

---

[2] The order was docketed on June 17, 2022.

- 4 -

assignment of the loan documents relating to the Line of Credit and judgments thereon to Theresa and Thomas Hamilton.

Order, 6/17/22.

Pauletta filed a timely notice of appeal and a court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. In his concise statement, Pauletta identified two claims related to the application of Rule 233.1, as well as a claim that the trial court failed to consider new evidence.

Preliminarily, we observe that Pauletta's *pro se* brief fails to comply with several of the Pennsylvania Rules of Appellate Procedure. **See** Pa.R.A.P. 2111 (identifying the necessary components of an appellant's brief), 2114 (Statement of Jurisdiction), 2115 (Order or Other Determination in Question), 2116 (Statement of Questions Involved), 2117 (Statement of the Case). "Although this Court is willing to construe liberally materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant." **Smithson v. Columbia Gas of PA/NiSource**, 264 A.3d 755, 760 (Pa. Super. 2021) (citation and brackets omitted). We could deem Pauletta's issues waived on this basis.

Nevertheless, we will address the trial court's grant of ACNB Bank's motion to dismiss frivolous appeal. From what we can discern from his brief, Pauletta argues that 1) his complaint asserted causes of action distinct from the Dauphin and Cumberland County cases, and therefore the trial court improperly dismissed his complaint; and 2) he raised new evidence about his

attorney's involvement in the transfer of mortgage documents to the Hamiltons. **See** Appellant's Brief at 4-6.[3]

"To the extent that the question presented involves interpretation of rules of civil procedure, our standard of review is *de novo*. To the extent that this question involves an exercise of the trial court's discretion in granting a motion to dismiss, our standard of review is abuse of discretion." **Coulter v. Ramsden**, 94 A.3d 1080, 1086 (Pa. Super. 2014) (citation, quotation marks, and brackets omitted).

When interpreting and applying our procedural rules, we must "ascertain and effectuate the intention of the Supreme Court." Pa.R.C.P. 127(a). We therefore turn to the relevant portion of Rule 233.1:

> **Rule 233.1. Frivolous Litigation. *Pro Se* Plaintiff. Motion to Dismiss**
>
> (a) Upon the commencement of any action filed by a *pro se* plaintiff in the court of common pleas, a defendant may file a motion to dismiss the action on the basis that
>
> > (1) the *pro se* plaintiff is alleging the same or related claims which the *pro se* plaintiff raised in a prior action against the same or related defendants, and
> >
> > (2) these claims have already been resolved pursuant to a written settlement agreement or a court proceeding.
>
> * * *

---

[3] Pauletta also includes a brief argument concerning intentional infliction of emotional distress. **See** Appellant's Brief at 7. However, this issue was not raised in his Rule 1925(b) concise statement and is therefore waived. **See** Pa.R.A.P. 1925(b)(4)(vii) (providing that "[i]ssues not included in the Statement … are waived.").

(c) Upon granting the motion and dismissing the action, the court may bar the *pro se* plaintiff from pursuing additional *pro se* litigation against the same or related defendants raising the same or related claims without leave of court.

Pa.R.C.P. 233.1(a), (c).

As this Court has explained, "Rule 233.1 was promulgated by our Supreme Court in 2010 to stem a noted increase in serial lawsuits of dubious merit filed by *pro se* litigants disaffected by prior failures to secure relief for injuries they perceived but could not substantiate." ***Gray v. Buonopane***, 53 A.3d 829, 835 (Pa. Super. 2012) (citing Pa.R.C.P. 233.1 Comment). Moreover,

> neither the language of the Rule nor the explanatory comment mandate the technical identity of parties or claims imposed by *res judicata* or collateral estoppel; rather, it merely requires that the parties and the claims raised in the current action be "*related*" to those in the prior action and that those prior claims have been "*resolved*." These two terms are noteworthy in their omission of the technical precision otherwise associated with claim and issue preclusion; whereas parties and/or claims are to be "identical" under the purview of those doctrines, Rule 233.1 requires only that they be sufficiently related to inform the trial court, in the exercise of its discretion, whether the plaintiff's claim has in fact been considered and "resolved."

***Gray***, 53 A.3d at 835 (citation omitted).

Here, the trial court addressed Pauletta's claim and concluded that ACNB Bank sufficiently established the requirements under Rule 233.1. ***See*** Trial Court Opinion, 8/12/22, at 5-9. We agree with the trial court's conclusion. As summarized above, Pauletta has litigated issues concerning the line of credit and its assignment to the Hamiltons in two different counties against ACNB

Bank and related parties. In the Cumberland and Dauphin County cases, the issues were resolved by a final court order.

Moreover, Pauletta's claim that the addition of the "aiding and abetting" claims constitute new evidence or distinct causes of action does not allow him to circumvent Rule 233.1. As the trial court aptly noted, the claims raised by Pauletta in the instant case are closely related to those previously litigated. ***See id.*** at 8; ***see also Gray***, 53 A.3d at 835 (explaining that the causes of action and parties involved need not be identical for purposes of Rule 233.1). We conclude the trial court did not abuse its discretion by determining that Pauletta's claims are rationally related to those previously considered and resolved. Therefore, the trial court properly dismissed Pauletta's complaint with prejudice and barred Pauletta from filing further *pro se* litigation under Rule 233.1.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 05/31/2023