J-S03033-21

2021 PA Super 157

| | | |
|---|---|---|
| RUSSELL N. SMITHSON, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| COLUMBIA GAS OF PA/NISOURCE | : | |
| AND MAPLE GROVE ENTERPRISES, | : | |
| INC., | : | |
| | : | |
| Appellees | : | No. 845 WDA 2020 |

Appeal from the Order Entered March 25, 2020
in the Court of Common Pleas of Clarion County
Civil Division at No(s): 464 cd 2018

BEFORE:   DUBOW, J., MURRAY, J. and STRASSBURGER, J.*

OPINION BY DUBOW, J.:                    **FILED: AUGUST 9, 2021**

Appellant, Russell N. Smithson, appeals from the trial court's Order entered on March 25, 2020, which granted summary judgment in favor of Appellees Columbia Gas of PA/NiSource ("Columbia Gas") and Maple Grove Enterprises, Inc. ("Maple Grove").  Because Appellant's August 5, 2020 filing of the notice of appeal appears untimely on its face, we first examine whether we have jurisdiction over this appeal.  Upon review, we conclude that the ambiguous docket entry made by the trial court prothonotary does not provide sufficient information for this Court to ascertain with certainty that the prothonotary provided immediate notice of the March 25, 2020 Order to Appellee as required by Pa.R.C.P. 236.  This failure to abide by the strict requirements of Rule 236 constitutes a breakdown in the operation of

_____
* Retired Senior Judge assigned to the Superior Court.

the trial court. Therefore, we decline to quash Appellant's appeal based upon untimeliness. Nevertheless, Appellant has failed to comply with multiple Rules of Appellate Procedure, thereby impeding our appellate review, and we dismiss his appeal on this basis.

Briefly, Appellant owns land in Madison Township, Clarion County, Pennsylvania. On May 1, 2018, Appellant *pro se* filed a Complaint asserting claims against Appellees relating to allegations that Appellees unlawfully removed natural gas from his land and later sold it back to him. He later amended the Complaint on August 1, 2018.

Following discovery, Appellees filed Motions for Summary Judgment. On March 25, 2020, the trial court granted the Motions and dismissed the case with prejudice. On the Order, a handwritten note appears in the left corner reading "3-25-2020 A. Ebeck Esq. N. Parker Esq. R & B Smithson." On the docket, immediately following the text of the March 25, 2020 Order, the typewritten text reads: "SENT TO R & B. SMITHSON, N. PARKER ESQ & A. EBECK ESQ."

On April 9, 2020, the trial court received a handwritten letter from Appellant. The court construed the letter as a motion for reconsideration and denied it on April 21, 2020. On June 19, 2020, Appellant filed a collection of documents with the trial court. The court construed the filing as a second motion for reconsideration and denied it on July 9, 2020.

On August 5, 2020, Appellant *pro se* filed the instant Notice of Appeal, stating that he was appealing from the March 24, 2020 Order of Court (*i.e.*, the Order granting summary judgment, which was dated March 24, 2020 and entered on March 25, 2020). On August 7, 2020, the trial court ordered Appellant to file a Concise Statement of Matters Complained of on Appeal pursuant to Pa.R.A.P. 1925(b). Following the trial court's August 7, 2020 Order, Appellant mailed a document to the trial court entitled "Judge Sara J. Seidle-Patton Missing from Trail [*sic*] Transcripts Clarion County Prothonotary Docket Entries." The prothonotary received it on August 24, 2020, and docketed it as Appellant's Rule 1925(b) Concise Statement. On September 4, 2020, the trial court issued an order directing this Court to its Order denying summary judgment on March 25, 2020, in lieu of a Pa.R.A.P. 1925(a) Opinion.

On September 28, 2020, this Court *sua sponte* issued a *per curiam* Order stating that upon review of the trial court docket, this Court determined that the trial court prothonotary failed to indicate on the docket that it had provided notice to Appellant of the Order from which Appellant wished to appeal, rendering Appellant's Notice of Appeal premature. Order, 9/28/2020, at 1. This Court ordered the trial court prothonotary to provide the requisite Pa.R.C.P. 236 notice to the parties, note on the docket the date on which it provided the Rule 236 notice, and provide an updated docket to this Court. **Id.** at 2 (citing Pa.R.C.P. 236 (requiring trial court prothonotary

to provide immediate written notice to parties of entry of any order and note the provision of such notice in the docket)). In response, both Appellees filed applications for relief pursuant to Pa.R.A.P. 123, requesting that this Court reconsider the September 28, 2020 Order and quash Appellant's appeal as untimely filed.

While those motions were pending, the trial court re-issued its March 25, 2020 Order. This time it included a notation on the order stating "9-30-2020 Copies sent pursuant to Pa.R.C.P. 236 A. Ebeck Esq N Parker Esq R & B Smithson." On the docket, following the text of the order, it reads: "COPIES RE-SENT PURSUANT TO PA.R.C.P. 236 TO R & B SMITHSON, N. PARKER ESQ & A. EBECK ESQ ON SEPT 30, 2020."

Following its review of the updated docket, this Court issued an Order on October 21, 2020, indicating that upon review of the updated docket, we deemed Appellant's Notice of Appeal to be premature but timely filed. Order, 10/21/2020, at 1. We denied Appellees' pending motions to reconsider and quash the appeal without prejudice and informed Appellees they could raise the issue again in their responsive briefs to this Court. *Id.*

Appellant's Brief does not contain a statement of questions presented as required by Pa.R.A.P. 2111(a)(4). Nor does it address the timeliness of his filing of the Notice of Appeal. Appellees, on the other hand, re-raise the issue of timeliness in their Briefs, arguing that Appellant failed to file his Notice of Appeal within 30 days of the entry of the March 25, 2020 Order.

- 4 -

Appellees maintain that Appellant's Notice of Appeal, which was not filed until August 5, 2020, was untimely filed. Columbia Gas's Brief at 15; Maple Grove's Brief at 15-17. Appellees assert this is the case even when factoring in any of the Pennsylvania Supreme Court's Emergency Orders relating to the COVID-19 pandemic. Columbia Gas's Brief at 15 n.4; Maple Grove's Brief at 16. Columbia Gas argues Appellant clearly received notice of the March 25, 2020 Order because he filed a Motion for Reconsideration of that Order. Columbia Gas's Brief at 14. It also points out that the plain text of Rule 236 does not mandate that the prothonotary explicitly refer to the rule in the docket. *Id.* at 14 (citing Pa.R.C.P. 236). Appellant did not file a Reply Brief.

"It is well-established that timeliness is jurisdictional, as an untimely[-filed] appeal divests this Court of jurisdiction to hear the merits of the case." *Affordable Outdoor, LLC v. Tri-Outdoor, Inc.*, 210 A.3d 270, 274 (Pa. Super. 2019) (citation and quotation marks omitted). Pursuant to Pa.R.A.P. 903, an aggrieved party must file a Notice of Appeal within 30 days after entry of the order from which the appeal is taken. Pa.R.A.P. 903(a). In civil actions, the 30-day appeal period begins to run from the date the prothonotary memorializes that it provided notice of the order to the parties pursuant to Pa.R.C.P. 236. *See* Pa.R.A.P. 108(a) (explaining the "date of entry of an order … shall be the day on which the clerk makes the notation in the docket that notice of entry of the order has been given as required by

- 5 -

[Rule] 236(b)."). Rule 236 requires a trial court prothonotary to provide immediate written notice of the entry of any order or judgment. Pa.R.C.P. 236(a)(2). The prothonotary must provide the notice of the entry and a copy of the order to each party's attorney of record or directly to any unrepresented party. *Id.* "The prothonotary shall note in the docket the giving of the notice[.]" Pa.R.C.P. 236(b).

Our Supreme Court has held that the 30-day appeal period does not begin to run until the prothonotary enters the order on the docket with the required notation that it gave appropriate notice to counsel and unrepresented parties. *Frazier v. City of Philadelphia*, 735 A.2d 113 (Pa. 1999). This holding is a "bright-line rule, to be interpreted strictly." *In re L.M.*, 923 A.2d 505, 509 (Pa. Super. 2007).

This Court recently discussed Rule 236's requirements at length in *Carr v. Michuck*, 234 A.3d 797 (Pa. Super. 2020). In that case, immediately following notations that an order dismissing the case and findings had been entered on July 15, 2019, the docket included parentheticals with what appeared to be a date and initials. This Court determined such a notation did not comply with Rule 236, reasoning as follows.

> Conspicuously absent from the two docket entries … is a notation on the docket that Rule 236 notice of the trial court's non-jury verdict was provided to [either party]. Although the notation "(7/15/19 PJM JHD)" on both entries may indicate that notice was provided, local practices, such as this, in which a date and initials are listed, do not satisfy the prothonotary's obligation

- 6 -

to note on the docket the date Rule 236 notice was given. Furthermore, a local practice, such as the case here, does not define for this Court with clarity and certainty that Rule 236 notice was, indeed, given. A prothonotary should make a notation that specifically states, for example, "Rule 236 notice provided on" followed by the date the notice was given, in order to comply with the notification mandate and procedural requirement of Rule 236. Anything short of such a notation constitutes a failure by the prothonotary to comply with the notification mandate and procedural requirement of Rule 236, and is a breakdown in court operations.

*Id.* at 805-06.

In the instant case, immediately following text indicating the prothonotary docketed the order, the prothonotary wrote, "SENT TO R & B. SMITHSON, N. PARKER ESQ & A. EBECK ESQ." This note is less vague than the note at issue in *Carr*. In fact, based on the context, the use of the term sent to and the listing of the names, there is enough information to infer logically that the note references the prothonotary's provision of notice pursuant to Rule 236.

However, "[a]s Pa.R.C.P. 236(b) makes clear, the prothonotary must note on the docket the date the parties are given notice of the order." *Fischer v. UPMC Northwest*, 34 A.3d 115, 121 (Pa. Super. 2011). The date the notice was sent is crucial. Rule 236 requires the notice to be immediate. *See* Pa.R.C.P. 236(a) ("The prothonotary shall immediately give written notice of the entry of … any order[.]"). Because the appellate clock starts running once the prothonotary records the giving of the Rule 236 notice in the docket, appellate courts need to have a clear, verifiable way to

- 7 -

determine that Rule 236 notice was indeed provided. *See Carr*, 234 A.3d at 805 (quoting *Frazier*, 735 A.2d at 115) ("This procedural requirement serves 'to promote clarity, certainty and ease of determination, so that an appellate court will immediately know whether a pleading was filed in a timely manner, thus eliminating the need for a case-by-case factual determination.'"); *Fischer*, 34 A.3d at 122 ("[T]he definitive assignment of responsibility [to the prothonotary] and the requirement of a record of performance of that responsibility are intended to avoid ambiguity and speculation.").

Herein, even if we infer the notation on the docket indicates the prothonotary sent a Rule 236 notice to the parties, it is ambiguous whether the prothonotary sent the notice to the parties on the same day the order was entered on the docket, and we cannot state with "certainty and confidence" whether and when proper notice was provided. *Carr*, 234 A.3d at 806. That the parties may have received actual notice of the order is of no moment. *Fischer*, 34 A.3d at 121-22. As such, we conclude there has been a breakdown in court operations and the 30-day appellate period did not begin to run upon entry of the Order granting summary judgment on the trial court's docket on March 25, 2020. *Carr*, 234 A.3d at 806. Accordingly, Appellant's notice of appeal was filed prematurely, but was perfected once the trial court prothonotary issued a proper Rule 236 notice upon this Court's direction.

Nevertheless, we are unable to proceed to the merits of the appeal. Upon review of Appellant's Brief, which is a six-paragraph handwritten document with various attachments, we determine that Appellant's noncompliance with our rules of procedure forecloses any possibility of meaningful appellate review. "[A]lthough this Court is willing to construe liberally materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant." ***Commonwealth v. Lyons***, 833 A.2d 245, 251-52 (Pa. Super. 2003). "[A] *pro se* litigant must comply with the procedural rules set forth in the Pennsylvania Rules of the Court." ***Commonwealth v. Freeland***, 106 A.3d 768, 776 (Pa. Super. 2014) (quoting ***Lyons***, 833 A.2d at 252). "[A]ny layperson choosing to represent himself [or herself] in a legal proceeding must, to some reasonable extent, assume the risk that his [or her] lack of expertise and legal training will prove his [or her] undoing." ***Commonwealth v. Gray,*** 608 A.2d 534, 550 (Pa. Super. 1992) (quoting ***Vann v. Unemployment Comp. Bd. of Review***, 494 A.2d 1081, 1086 (Pa. 1985)).

As noted above, Appellant's Brief does not contain a statement of questions presented as required by Pa.R.A.P. 2111(a)(4). His brief also is in violation of Pa.R.A.P. 2111(a)(1) (requiring a statement of jurisdiction); Pa.R.A.P. 2111(a)(2) (requiring a separate section for the order in question); Pa.R.A.P. 2111(a)(3) (requiring a statement of the scope and standard of review); Pa.R.A.P. 2111(a)(5) (requiring a separate statement of

the case with citations to the record); Pa.R.A.P. 2111(a)(6) (requiring a summary of argument); and Pa.R.A.P. 2111(a)(8) (requiring an argument section). Furthermore, Appellant failed to file a reproduced record; rather, he attaches numerous documents to his brief. **See** Pa.R.A.P. 2188 ("If an appellant fails to file his designation of [the] reproduced record, brief or any required reproduced record within the time prescribed by these rules, ... an appellee may move for dismissal of the matter.");[1] **see also Rosselli v. Rosselli**, 750 A.2d 355 (Pa. Super. 2000) ("Compliance with the Pennsylvania Rules of Appellate Procedure 2152–2154 regarding contents of reproduced records on appeal is mandatory, not directory.").

Although this Court construes materials filed by a *pro se* litigant liberally, we cannot act as Appellant's counsel. **Branch Banking and Trust v. Gesiorski**, 904 A.2d 939, 942-43 (Pa. Super. 2006). Any layperson who chooses to represent himself assumes the risk that his lack of legal training will be his undoing. **Id.** As a whole, Appellant's disregard for the Rules of Appellate Procedure has left this Court without the ability to conduct effective review. **See id.** (declining to consider merits due to brief that was "wholly inadequate to present specific issues for review"). Accordingly, we dismiss this appeal without consideration of the merits of Appellant's issues. **See** Pa.R.A.P. 2101 ("[I]f the defects are in the brief or reproduced record of

---

[1] Columbia Gas points out this and other errors in its brief. **See** Columbia Gas's Brief at 19-20.

the appellant and are substantial, the appeal or other matter may be …
dismissed.").

Appeal dismissed.

Judge Murray joins the opinion.

Judge Strassburger did not participate in the consideration or decision
of this case.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 08/09/2021