J-S01044-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN RE: MUSTAFA HAMIDI | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| APPEAL OF: MUSTAFA HAMIDI | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 690 MDA 2021 |

Appeal from the Order Entered May 27, 2021
In the Court of Common Pleas of Lackawanna County Criminal Division at
No(s):  CP-35-MD-0000186-2021

BEFORE:   BOWES, J., NICHOLS, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                          **FILED:  MAY 24, 2022**

Appellant, Mustafa Hamidi, appeals *pro se* from the order of the Court of Common Pleas of Lackawanna Count ("trial court") denying his petition for review of the Lackawanna County District Attorney's disapproval of Appellant's private criminal complaint filed against one of his former high school teachers. For the following reasons, we dismiss this appeal.

Appellant submitted the private criminal complaint to the District Attorney for approval on or about February 8, 2021.  Appellant alleged in the complaint that the teacher committed the crime of harassment[1] after Appellant quit the track and field team that the teacher coached.  Appellant asserted that the teacher made disparaging comments about him to other

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. § 2709(a).

teachers and the universities to which Appellant was applying and that the teacher was following him and attempting to physically harm him.

Detectives with the Scranton Police Department investigated the allegations in the complaint and met with Appellant and his former teacher. On May 7, 2021, the District Attorney disapproved of the private criminal complaint based upon insufficient evidence. Appellant then filed the petition for review with the trial court, which the court denied without a hearing on May 27, 2021. Appellant thereafter filed this timely appeal.

We first address the Commonwealth's argument that we should not reach the merits of this appeal based upon Appellant's failure to comply with the briefing requirements set forth in our Rules of Appellate Procedure. Rule 2101 provides that

> Briefs and reproduced records shall conform in all material respects with the requirements of these rules as nearly as the circumstances of the particular case will admit, otherwise they may be suppressed, and, **if the defects are in the brief** or reproduced record **of the appellant and are substantial, the appeal** or other matter **may be quashed or dismissed**.

Pa.R.A.P. 2101 (emphasis added).

Under Rule 2111, an appellant's brief must include the following material:

(1) Statement of jurisdiction.

(2) Order or other determination in question.

(3) Statement of both the scope of review and the standard of review.

(4) Statement of the questions involved.

(5) Statement of the case.

(6) Summary of argument.

. . .

(8) Argument for appellant.

(9) A short conclusion stating the precise relief sought.

(10) The opinions [of the trial court] . . .

(11) In the Superior Court, a copy of the statement of errors complained of on appeal, filed with the trial court pursuant to Pa.R.A.P. 1925(b), or an averment that no order requiring a statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) was entered.

(12) The certificates of compliance required by Pa.R.A.P. 127 [pertaining to filing of confidential information or documents] and 2135(d) [pertaining to word count].

Pa.R.A.P. 2111(a).

Appellant's one-page brief falls far short of the standards set forth by our Rules. Appellant failed to comply with Rule 2111 by including such pertinent material as a statement of questions, a statement of this Court's jurisdiction, a statement of the scope and standard of review, a statement of the case, a summary of his argument, or any reference to the trial court's order or opinion. Pa.R.A.P. 2111(a)(1)-(6), (10). Even within the single page of his brief, Appellant largely addresses matters irrelevant to this appeal— such as his personal medical history—and he does not in any meaningful way develop a coherent argument as to why this Court should reverse the trial court's order. *See Wirth v. Commonwealth*, 95 A.3d 822, 837 (Pa. 2014) (failure to develop claim in a meaningful fashion capable of review or to

provide citation to relevant authority results in waiver of claim); ***Milby v. Pote***, 189 A.3d 1065, 1079 (Pa. Super. 2018) (same).[2]

"Although this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant." ***Commonwealth v. Adams***, 882 A.2d 496, 498 (Pa. Super. 2005). "[A] *pro se* litigant must comply with the procedural rules set forth in the Pennsylvania Rules of the Court," including the briefing requirements set forth in Rule 2111. ***Smithson v. Columbia Gas of PA/NiSource***, 264 A.3d 755, 760 (Pa. Super. 2021) (citation omitted). "[A]ny person choosing to represent himself in a legal proceeding must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing." ***Adams***, 882 A.2d at 498; ***see also Smithson***, 264 A.3d at 760.

Appellant's near complete failure to meet the briefing requirements set forth in our Rules of Appellate Procedure has deprived this Court of the ability to conduct a meaningful review of Appellant's appeal from the trial court's May 27, 2021 order. Accordingly, we are constrained to dismiss this appeal. Pa.R.A.P. 2101; ***Smithson***, 264 A.3d at 760-61 (dismissing appeal based upon deficiencies in the appellant's six-paragraph, handwritten brief leaving

---

[2] Appellant filed a two-page reply brief which likewise fails to include any meaningfully developed legal argument, focusing only on whether Appellant's appeal should be dismissed for his failure to comply with the briefing requirements. Unlike Appellant's initial brief, however, the reply brief does include a conclusion stating the relief he seeks from this appeal. Pa.R.A.P. 2111(a)(9).

Court unable to conduct an effective review). Even if we were to determine that the technical defects in Appellant's brief were not so substantial as to warrant dismissal, we would find that Appellant has waived his challenge to the trial court's order based upon his underdeveloped and unsupported legal argument. *Wirth*, 95 A.3d at 837; *Milby*, 189 A.3d at 1079.

Appeal dismissed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 05/24/2022