J-S42003-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| VICTORIA GREENE | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SOMMER LAW GROUP, P.C. | : | No. 807 WDA 2022 |

Appeal from the Order Entered June 13, 2022
In the Court of Common Pleas of Allegheny County Civil Division at
No(s):  AR-20-003082,
AR-20-003082

BEFORE:   BOWES, J., OLSON, J., and COLINS, J.[*]

MEMORANDUM BY BOWES, J.:                    **FILLED: FEBRUARY 15, 2023**

Victoria Greene ("Greene") appeals *pro se* from the June 13, 2022 order sustaining preliminary objections filed by Sommer Law Group, P.C. ("SLG") and dismissing Greene's complaint with prejudice.  We dismiss this appeal. [1]

From the certified record and trial court opinion, we glean that the underlying matter stems from a landlord-tenant dispute and a related escrow account.  Briefly, Greene's landlord, Crafton Holdings, initiated a suit against Greene in 2011 for unpaid rent and to recover possession of the unit occupied

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] We note that SLG filed an application with this Court to dismiss Greene's appeal as frivolous because the description of the appeal and issues to be raised in her docketing statement were "incomprehensible and frivolous." Application to Dismiss, 8/3/22.  We denied the application without prejudice for SLG to re-raise the issue before the merits panel.  SLG has not renewed its request for dismissal in its brief to this Court and our dismissal of the appeal is not based on this request.

by Greene. At that time, Elan Sokol served as the general partner of Crafton Holdings, which SLG represented in that particular case. A magisterial district judge granted Crafton Holdings possession of the unit and entered judgment in its favor for unpaid rent. Greene deposited a sum of money into an escrow account as a *supersedeas* while she appealed the decision. Since Greene retained possession of the unit during the pendency of the appeal, the totality of the funds in the escrow account, upon motion by SLG, were released to Crafton Holdings. In February 2012, a non-jury verdict was entered in favor of Crafton Holdings and against Greene.

Later in 2012, Greene filed a complaint against Sokol for, *inter alia*, fraud and conversion in relation to the funds that had been disbursed from the escrow account. After preliminary objections were sustained, that complaint was dismissed. We note that SLG did not represent Sokol in that proceeding.

In September 2020, Greene initiated the instant action against SLG, claiming that SLG had defrauded her and failed to return money from the escrow account. Ultimately, on June 13, 2022, the trial court sustained two of SLG's preliminary objections and dismissed Greene's complaint with prejudice. Specifically, the court determined that her complaint was legally

insufficient due to *res judicata* and that Greene, proceeding *in forma pauperis*, was prohibited from pursuing a frivolous case. This timely appeal followed.[2]

Preliminarily, we address Greene's utter failure to comply with our Rules of Appellate Procedure in drafting her brief. Upon review, her brief lacks any relevant headings, a copy of her Rule 1925(b) statement, or certifications of compliance. **See** Pa.R.A.P. 2111 (requiring the brief of the appellant to sequentially include the following relevant sections with accompanying titles: a statement of jurisdiction, the order in question, statement of the scope and standard of review, statement of the questions involved, statement of the case, summary of the argument, argument, conclusion, the opinion below, a copy of the Rule 1925(b) statement, and certificates of compliance). In fact, this Court is unable to discern where, if anywhere, the sections required by Rule 2111 are within her brief. **See** Appellant's brief at unnumbered 55 (handwritten reference to "question involved" but provided in the middle of exhibits so it is unclear if it pertains to the instant appeal); 65 (handwritten reference to "question involved" but appears to be related to the 2012 case against Sokol); 77 (handwritten reference to "Statements of the Question

_____

[2] The trial court ordered Greene to file a Rule 1925(b) statement. The certified record does not contain such a statement. However, the trial court indicated in its Rule 1925(a) opinion that Greene's "'concise' statement of errors complained of on appeal [went] beyond the scope of [the] order" and therefore, in its opinion, the court "simply explain[ed its] rationale related to the two preliminary objections [it] sustained." Trial Court Opinion, 9/12/22, at 2. Thus, we discern that it is likely Greene filed some manner of concise statement in response to the trial court's order. Nonetheless, in light of the dispositive deficiencies in Greene's brief, we did not inquire further as to the nature of her purported Rule 1925(b) statement.

Involved" but appears to pertain to the 2012 case against Sokol).  ***See also*** Pa.R.A.P. 2114 (relating to the requirements for the statement of jurisdiction); Pa.R.A.P. 2115 (relating to the requirements for the order in question); Pa.R.A.P. 2116 (relating to the requirements for the statement of questions involved); Pa.R.A.P. 2117 (relating to the requirements for the statement of the case); Pa.R.A.P. 2118 (relating to the requirements for the summary of the argument); Pa.R.A.P. 2119 (relating to the requirements for the argument).  Moreover, the brief, which is over 150 pages, is unnumbered, illegibly handwritten, and crammed full of exhibits that are annotated and slotted between handwritten discussions and/or notes that may or may not pertain to the surrounding exhibits.  ***See*** Pa.R.A.P. 124 (setting forth the form of the brief, including that "[l]ettering shall be clear and legible"); Pa.R.A.P. 2135 (mandating that, except as otherwise ordered by court, the brief shall not exceed 14,000 words and requiring a party to file a certificate of compliance with the word count limit if the brief is over thirty pages).  What portions are legible barely amount to full sentences and do not set forth the issues Greene wishes to raise on appeal with particularity or develop any meaningful legal argument.

Rule 2101 mandates that all briefs conform with the requirements of the Rules of Appellate Procedure discussed above.  Furthermore, where the defects are in the appellant's brief and are substantial, this Court has the discretion to dismiss the appeal.  ***See*** Pa.R.A.P. 2101.  We are cognizant that some of Greene's non-compliance may be due to her *pro se* status.  However,

- 4 -

this Court has consistently held that such status does not excuse an appellant from compliance with the Rules of Appellate Procedure:

> Although this Court is willing to construe liberally materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant. A *pro se* litigant must comply with the procedural rules set forth in the Pennsylvania Rules of the Court. Any layperson choosing to represent himself or herself in a legal proceeding must, to some reasonable extent, assume the risk that his or her lack of expertise and legal training will prove his or her undoing.

***Smithson v. Columbia Gas of PA/NiSource***, 264 A.3d 755, 760 (Pa.Super. 2021) (cleaned up). Moreover, this Court cannot act as Greene's counsel. ***Id***.

In sum, Greene's brief violates nearly every Rule of Appellate Procedure concerning the formatting and content of briefs. More to the point, her failure to comply with the rules has irreparably hampered our ability to conduct an effective review as we are essentially left without any cognizant advocacy on Greene's behalf. Were we to proceed to the merits of this matter, we would be forced to engage in guesswork and supposition, as the trial court apparently did, regarding what issues Greene sought to raise on appeal. Accordingly, we will exercise our discretion to dismiss the instant appeal due to Greene's wholly defective brief. ***See id***. at 761 (dismissing appeal where non-compliance with the Rules of Appellate Procedure deprived this Court of the ability to conduct effective review); Pa.R.A.P. 2101.

Appeal dismissed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/15/2023