J-S10043-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

| | | |
|---|---|---|
| AGNES FREMPONG | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JENNIFER PHILLIPS, ALLAN | : | No. 1950 EDA 2022 |
| RICHARDSON, CHARDAE DENMARK, | : | |
| LASHANA WHITAKER, PORTIA | : | |
| DARDEN, ALBERT JOHNSON, ELLEN | : | |
| PALMER, CATALINA STARLING | : | |

Appeal from the Judgment Entered October 3, 2022
In the Court of Common Pleas of Philadelphia County
Civil Division at No:  190804441

BEFORE:  PANELLA, P.J., LAZARUS, J., and STABILE, J.

MEMORANDUM BY STABILE, J.:                    **FILED JUNE 28, 2023**

Appellant, Agnes Frempong, appeals *pro se* from the October 3, 2022 order entered in this ejectment action in the Court of Common Pleas of Philadelphia County, dismissing her claims relating to a number of properties jointly owned with her husband, Steve Frempong.  Upon review, we affirm.

The trial court explained:

On August 27, 2019, Appellant filed a complaint against Appellee [Jennifer Phillips] seeking possession for property located at 920 East Price Street, Philadelphia, PA 19138, as well as money damages for: accumulated unpaid rent, water and gas usage for the period of accumulated unpaid rent, and damages to the property as under the Lease Agreement.  On September 24, 2019, Appellee filed an answer to Appellant's complaint.

On June 21, 2022, a bench trial was held, whereupon on June 23, 2022, this court found in favor of Appellee.  On August 3, 2022,

> Appellant filed an appeal to the Superior Court of Pennsylvania[.] On August 3, 2022, this court filed a 1925(b) order. Appellant timely filed a Statement of Matters[.]

Rule 1925(a) Opinion, 12/20/22, at 1-2 (references to record materials omitted).[1]

In her 51-page brief, all but 17 pages of which are handwritten, Appellant presents four issues for our review, which we repeat here verbatim:

A. Whether Defendants-Appellees Reliance on the Philadelphia Code in an Action of Ejectment and the Superior Court case of 2018, Frempong v. Richardson[2] which essentially dealt with the interpretation of the word "<u>or</u>" in the Code and nothing in this case is misplaced as both have no relevancy to this case, for the issues in this case are controlled by Maryland's Court of Appeals recent case, Velicky v. Copycat Bldg. LLC[3] which is point as said issues had not been decided by any Pennsylvania Court directly.

B. Whether Appellees' contention that 1) Maryland Appellate Court's Decision in Velicky v. Copycat Bldg. LLC has no bearing on this case and that Appellant's Argument are unavailing and 2) based on Phila. Code §9-3901(4)(e) and the Superior Court's interpretation of the word "or" in the Code in Frempong v. Richardson, Appellant is not Entitled to Repossession of the subject properties is grossly erroneous, unsustainable, misplaced and that this Court endorsement of such policy and contention will violate Appellant and similarly situated Landlord

---

[1] Although the trial court indicated that Appellee filed her answer to Appellant's complaint on September 24, 2019, that was the date on which Appellees Richardson and Whitaker filed their answer and new matter. Appellee filed her answer on December 4, 2019.

[2] ***Frempong v. Richardson***, 209 A.3d 1001 (Pa. Super. 2019), *appeal denied*, 227 A.3d 313 (Pa. 2020).

[3] ***Velicky v. Copycat Building, LLC***, 476 Md. 435, 264 A.3d 661 (2021).

and Property Owners Property Rights under Pennsylvania and Unites States Constitutions.

C. Whether in this Appellant-Property Owners Ejectment Action To Repossess the unlawful and illegal seizure of her Property by Appellees who have no Lease Agreement, contractual relationship and Property Interest in the subject properties but attempting to camouflage the issue as Landlord-Tenant Relationship where there is none, to deny Appellant of her Property of over 36 years and attendant interests grounded in the Landlord and Tenants Act of 1951, section 250.511, Article 1 Section 1 of the Pennsylvania Constitution and United States Constitution should be granted?

D. Whether the Trial Court abused its Discretion as demonstrated by its Opinion's failure to accurately state the Factual and Procedural History of the case and subsequent failure to apply the correct and appropriate Law of Ejectment vis a vis Landlord-Tenant relationship which in this case did not exist.

Appellant's Brief at 2-3.[4]

_____

[4] Appellant has not included a table of citations in her brief, as required by Pa.R.A.P. 2174(b). Although she lists a "Table of Authorities" in her Table of Contents, no table of citations is included in either her main brief or her reply brief. In addition, Appellant has not appended a copy of her Rule 1925(b) statement to her main brief, despite the directive to do so in Pa.R.A.P. 2111(a)(11) and (d). She does list the Rule 1925(b) statement in the Table of Contents for her reproduced record. However, while the document is listed as beginning on page 182, the reproduced record filed with this Court ends on page 137.

We recognize that Appellant is proceeding *pro se* in this appeal. However, that status "confers no special benefit upon an appellant." **Smithson v. Columbia Gas of PA/NiSource**, 264 A.3d 755, 760 (Pa. Super. 2021) (citation omitted). "Any layperson choosing to represent herself in a legal proceeding must, to some reasonable extent, assume the risk that her lack of expertise and legal training will prove her undoing." **Id.** (cleaned up and citation omitted). "Appellant has chosen to proceed *pro se* and [s]he cannot expect our court to act as [her] attorney." **First Union Mortg. Corp. v. Frempong**, 744 A.2d 327, 337 (Pa. Super. 1999).

We begin by setting forth our standard of review:

Our review in a non-jury case is limited to whether the findings of the trial court are supported by competent evidence and whether the trial court committed error in the application of law. We must grant the court's findings of fact the same weight and effect as the verdict of a jury and, accordingly, may disturb the non-jury verdict only if the court's findings are unsupported by competent evidence or the court committed legal error that affected the outcome of the trial. It is not the role of an appellate court to pass on the credibility of witnesses; hence we will not substitute our judgment for that of the factfinder. Thus, the test we apply is not whether we would have reached the same result on the evidence presented, but rather, after due consideration of the evidence which the trial court found credible, whether the trial court could have reasonably reached its conclusion.

*Leb. County Hous. Auth. v. Landeck*, 967 A.2d 1009, 1012 (Pa. Super. 2009) (citation quotations omitted). Further:

[T]he factfinder is free to believe all, part, or none of the evidence, and the Superior Court will not disturb the trial court's credibility determinations. Assessments of credibility and conflicts in evidence are for the trial court to resolve; this Court is not permitted to reexamine the weight and credibility determinations or substitute our judgments for those of the factfinder.

*Gutteridge v. J3 Energy Grp., Inc.*, 165 A.3d 908, 916 (Pa. Super. 2017) (internal citations and quotations omitted).

Relevant to this case are Philadelphia Code provisions in Title 9 ("Regulation of Businesses, Trade and Professions"), Chapter 9-3900 ("Property Licenses and Owner Accountability"). Subsection 9-3902(1)(a) ("Rental Licenses") requires the owner of any dwelling "let for occupancy [to] obtain a rental license. No person shall collect rent with respect to any property that is required to be licensed . . . unless a valid rental license has

been issued for the property." Phila. Code § 9-3902(1)(a). Subsection 9-3903(1)(a) ("Certificate of Rental Suitability") also requires a landlord to provide a tenant with a certificate of rental suitability, which is obtained from the Department of Licenses and Inspection, as well as a copy of the Philadelphia Partners for Good Housing Handbook. Phila. Code § 9-3903(1)(a).

Of particular importance is Code Subsection 9-3901(4)(e), which provides:

> ***Non-compliance.*** Any owner who fails to obtain a rental license as required by § 9-3902, or to comply with § 9-3903 regarding a Certificate of Rental Suitability, or whose rental license has been suspended, **shall be denied the right to recover possession of the premises or to collect rent** during or for the period of noncompliance or during or for the period of license suspension. In any action for eviction or collection of rent, the owner shall attach a copy of the license.

Phila. Code § 9-3901(4)(e) (emphasis added). In ***Frempong v. Richardson***, 209 A.3d 1001 (Pa. Super. 2019) (sometimes referred to herein as "the earlier action"), this Court determined that a non-compliant owner cannot recover possession OR collect rent during the period of noncompliance. ***Id.*** at 1010.

At all times relevant to these proceedings, Appellant did not have a rental license as required by Subsection 9-3902. ***See*** Notes of Testimony ("N.T."), 6/21/22, at 10-11. Appellant did not argue that she complied with the licensing requirement. Rather, she asserted that Subsection 9-3901(4)(e) is not applicable to the instant action "because it's an ejectment [action]," not a landlord-tenant case. ***Id.*** at 15.

In her first three issues, Appellant contends that a decision from the Maryland Court of Appeals controls and that her constitutional rights have been violated. We consider these issues jointly.

In her first two issues, Appellant argues that her case is controlled by the **Velicky** case from the Maryland Court of Appeals rather than by this Court's decision in **Frempong v. Richardson, supra**, and the relevant provisions of the Philadelphia Code. It is well settled that "decisions of sister states are not binding precedent on this Court." **Commonwealth v. Wallace**, 289 A.3d 894, 906 (Pa. 2023) (citation omitted). Despite Appellant's assertions to the contrary, **Velicky** is not controlling.[5]

To the extent Appellant argues in her second issue—and then again in her third issue—that the trial court's decision violates her property and constitutional rights, Appellant's argument fails. Appellant asserts that she is pursuing an ejectment action pursuant to the Landlord and Tenants Act, 68 P.S. § 250.101 *et. seq.* In particular, she looks to Section 250.511, which provides as follows:

> Nothing contained in this article shall be construed as abolishing the right of any landlord to recover possession of any real property from a tenant by action of ejectment, or from instituting any

---

[5] Moreover, as Appellees note, the ordinance at issue in **Velicky** is significantly different from the Philadelphia Code and "**Velicky** did not involve a common law action for ejectment, but rather an action under the Maryland Tenant Holding Over Statute, RP § 8-402, which 'enables a landlord to regain possession upon the *expiration of the lease* by virtue of his or her reversionary interest.'" Appellees' Brief at 20 (quoting **Velicky**, 476 Md. at 456-57) (emphasis in original).

amicable action of ejectment to recover possession of any real property by confessing judgment in accordance with the terms of any written contract or agreement.

68 P.S. § 250.511. However, "[e]jectment is a possessory action only, and can succeed only if the plaintiff is out of possession, and if he has a present right to immediate possession." ***Brennan v. Shore Brothers***, 110 A.2d 401, 402 (Pa. 1975).

As the trial court recognized, "On June 21, 2022, Appellant testified that Appellee had moved out and [Appellant] was no longer seeking possession, but now only money damages." Trial Court Opinion, 12/20/22, at 3 (unnumbered) (citing N.T., 6/21/22, at 6). The court continued by referencing the provisions of Subsection 9-3901(4)(e), which preclude Appellant from recovering possession or collecting rent in absence of maintaining a rental license and obtaining a Certificate of Rental Suitability. As the court observed, "The record shows that Appellant was unable to produce a rental license or a Certificate of Rental Suitability." ***Id.*** at 3-4 (unnumbered).

Appellee is clearly not depriving Appellant of her property rights. As Appellant concedes, Appellee had moved out. Further, her inability to collect rents has nothing to do with property or constitutional rights. It is simply the by-product of her failure to comply with the Philadelphia Code.

The trial court also addressed Appellant's contention that she was not bound by the Philadelphia Code because she initiated these proceedings as an action in ejectment, stating:

> Appellant argues that an eviction case starting in the Philadelphia Court of Common Pleas [] is different than a case starting in Landlord Tenant Municipal Court [] and heard on appeal in the Court of Common Pleas and therefore [she] should not have to abide by the Philadelphia Code. Appellant's argument has no merits as a hearing heard in the Court of Common Pleas from the Municipal Court is heard *de novo*, the same standard of review used in the hearing that starts in the Court of Common Pleas.

*Id.* at 4 (unnumbered).

Appellees recognize that Appellant and her husband initiated the earlier action—an eviction action—in the Landlord Tenant Court and then pursued an action for ejectment when the case was appealed to the Court of Common Pleas.[6] Appellees' Brief at 16 (citing ***Frempong***, 209 A.3d at 1004) ("Landlords filed a *pro se* complaint in the trial court, presenting three claims: '1) ejectment and immediate possession . . . 2) breach of the lease for failure to pay rent.'"), Therefore, when the case was appealed to this Court,

> [this Court] was addressing an action for ejectment filed in the Court of Common Pleas *de novo*, or as if originally filed in the Court of Common Pleas. Accordingly, there is absolutely no difference between the appeal taken by [Appellant] in 2018 to the Superior Court and this appeal. Both were ejectment actions appealed from a court exercising original jurisdiction.

*Id.* at 16.

---

[6] We note that the Frempongs waived their claim for rent in the earlier action and sought only possession and payment of water bills. ***Frempong***, 209 A.3d at 1007-08. By contrast, in the instant action, Appellant abandoned the claim for possession and sought rent only. N.T., 6/21/22, at 6-8. Appellant originally included a claim for the water bill in the instant action. However, as in the earlier action, there was no documentation to support that claim. ***Frempong***, 209 A.3d at 1007-08; N.T., 6/21/22, at 8.

Despite Appellant's contention to the contrary, the Philadelphia Code and this Court's 2019 *Frempong* decision control here. Maryland law does not apply and Appellant, who conceded Appellee had vacated the premises, has not been deprived of any property or other constitutional rights. We find no error of law on the part of the trial court in making that determination. Appellant's first three issues fail.

In her fourth issue, Appellant argues that the trial court abused its discretion by failing to state the factual and procedural history of the case accurately and by failing to apply the proper law. Because the trial court provided sufficient information and a proper analysis of the applicable law, Appellant's fourth issue fails for lack of merit.

Because the trial court's findings are supported by competent evidence and because the trial court did not commit error in its application of the law, we shall not disturb the trial court's order.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/28/2023