J-A07002-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| NIKITA BLANCHARD | : | |
| | : | |
| Appellant | : | No. 807 MDA 2025 |

Appeal from the Judgment of Sentence Entered June 11, 2025
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s): CP-22-SA-0000054-2025

BEFORE:  BOWES, J., DUBOW, J., and NEUMAN, J.

JUDGMENT ORDER BY BOWES, J.:          **FILED: FEBRUARY 23, 2026**

Nikita Blanchard appeals *pro se* from the judgment of sentence of a $25 fine imposed upon her conviction of a summary traffic offense.  We dismiss.

On New Year's Eve 2024, Appellant was stopped in Dauphin County and cited for driving at an unsafe speed.  After she was found guilty *in absentia* by a magisterial district judge, she appealed to the Court of Common Pleas of Dauphin County.  At a summary appeal hearing, Appellant agreed to the imposition of a $25 fine in exchange for the Commonwealth amending the charge to a violation of 75 Pa.C.S. § 4305(a), another summary offense regarding the use of signal lamps to indicate a vehicle hazard.  **See** N.T. Summary Appeal, 6/11/25, at 2.[1]

---

[1] The entire one-minute hearing is transcribed on this single page.

Appellant timely filed *pro se* the instant appeal. Although the trial court ordered her to file a concise statement, it did not explain that failure to do so would result in waiver, indicating only that it might. Therefore, we decline the court's invitation to find all issues waived due to her not timely filing a concise statement in accordance with Pa.R.A.P. 1925(b). ***See Imbrenda v. Imbrenda***, ___ A.3d ___, 2026 WL 81887, at *5 (Pa.Super. Jan. 12, 2026) (holding "that Appellant did not waive her issues on appeal as the trial court's 1925(b) order failed to comply with Rule 1925(b)(3)" in that it did not advise that failure to comply would result in waiver, "and, therefore, was defective" (footnote omitted)).

Nevertheless, Appellant has foregone any appellate review of her alleged claims by virtue of her defective brief. In a section titled "Statement of the Scope and Standard of Review and Questions [I]nvolved[,]" Appellant lists nine statements:

1. Was Trooper Fredrick Duane scheduled to be on duty the night in question?

2. What was the reason for the stop?

3. Why didn't Trooper Duane Fredrick have on a body camera at the time of the stop?

4. Were there any active investigations by [the] Pennsylvania State Police or other local agencies involving [Appellant], the inspection stickers on the vehicle (Toyota Rav 4), the vehicle itself or other vehicles owned by [Appellant], at the time of the stop?

5. Were points assessed for [75 Pa.]C.S. § 3361 (Driving too fast for conditions)?

6. Did Trooper Duane Fredrick collect [Appellant]'s license and registration or insurance?

7. Proof of hazards lights not being on.

8. Proof of Title 75 Pa.C.S. § 4305 (Violate Hazard Regulation).

9. A right to know request was completed for Incident number PA2024-1670787 but not issued.

Appellant's brief at 4 (some capitalization altered).

As best we can determine, she purports to challenge the legality of the stop and the sufficiency of the evidence for her conviction. In spite of that, she does not include an argument section developing any discrete issues, in violation of Pa.R.A.P. 2119. Rather, her entire argument for relief is set forth in the summary of her argument, which in total comprises less than one page. In further violation of the Rule, she neglects to provide any citation to case law or the certified record, instead recounting her complaints about the stop and an explanation of where she acquired her inspection stickers.

"Although this Court is willing to construe liberally materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant." ***Smithson v. Columbia Gas of PA/NiSource***, 264 A.3d 755, 760 (Pa.Super. 2021) (cleaned up). Indeed, "[w]e will not act as counsel and will not develop arguments on behalf of an appellant." ***In re R.D.***, 44 A.3d 657, 674 (Pa.Super. 2012) (cleaned up). Furthermore, our rules provide that "if the defects are in the brief . . . of the appellant and are substantial, the appeal or other matter may be quashed or dismissed." Pa.R.A.P. 2101. ***See***

*also First Lehigh Bank v. Haviland Grille, Inc.*, 704 A.2d 135, 138 n.2 (Pa.Super. 1997) ("Failure to conform with the requirements of rules of court is grounds for dismissal." (cleaned up)).  As our review of any purported claims is wholly hindered by Appellant's undeveloped brief, we dismiss the appeal.

Appeal dismissed.


Judgment Entered.


_____

Benjamin D. Kohler, Esq.
Prothonotary


Date: 2/23/2026