J-S04015-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| E.Q. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| M.G.P. | : | |
| | : | |
| Appellant | : | No. 2158 EDA 2025 |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| D.D. | : | |

Appeal from the Order Entered July 11, 2025
In the Court of Common Pleas of Lehigh County Civil Division at No(s):
2024-FC-1255

BEFORE:  LAZARUS, P.J., STABILE, J., and NEUMAN, J.

MEMORANDUM BY LAZARUS, P.J.:                    **FILED MARCH 2, 2026**

M.G.P. ("Father") appeals, pro se, from the order, entered in the Court of Common Pleas of Lehigh County, awarding sole legal and primary physical custody of M.A.P. ("Child") to Child's paternal grandmother, E.Q. ("Grandmother").  Upon careful review, we are constrained to vacate the order and remand for the entry of a new final custody order in compliance with 23 Pa.C.S.A. § 5323(d).

The trial court set forth the factual and procedural history of this case as follows:

On December 13, 2024, [Grandmother][1] filed a complaint for custody seeking sole legal and sole physical custody because [] Child was subjected to abuse and neglect in [F]ather's household, and [] Child's mother is deceased, having been found bludgeoned to death and naked between two parked cars in the Kensington neighborhood of Philadelphia in May of 2024. At the time Grandmother filed the complaint, [] Child was living with Grandmother while [Father] was in prison awaiting sentencing for assaulting his girlfriend, intervenor, [D.D.][3] [] Child began living with Grandmother in August of 2024, after [] Child called Grandmother's other son, [G.O., Jr.], and reported being physically abused by [D.D.]. [G.O., Jr.,] immediately went to [D.D.'s] residence with his father, [G.O., Sr.], where [D.D.], who claimed [] Child was being unruly, told [G.O., Jr., G.O., Sr.] and Grandmother to take [] Child into their care.

> [1] After hearing and by order dated March 3, 2025, the court determined that [Grandmother] had standing [to seek custody] pursuant to 23 Pa.C.S.A. § 5324(3).
>
> . . .
>
> [3] After hearing and by order dated May 28, 2025, the court determined that [D.D.] had standing to seek custody pursuant to [section] 5324(2).

After a trial on July 1, 2025, at which all parties were present and self-represented, this court, by order dated July 11, 2025, awarded Grandmother sole legal custody and primary physical custody of Child, with up to three hours per month of professionally supervised visitation for Father if, in the sole discretion of Grandmother, and after consultation with [] Child, Grandmother deemed it in [] Child's best interests.

Trial Court Opinion, 9/11/25, at 1-2 (unnecessary capitalization, bold, and italics omitted; some footnotes omitted).

Father filed a timely notice of appeal[1] and he and the trial court both complied with Rule 1925.  On October 2, 2025, Father filed with this Court an application for relief seeking permission to file an amended Rule 1925(b) statement to include claims related to the trial court's determination as to Grandmother's standing.[2]  This Court granted Father's application and directed the trial court to file a supplemental opinion addressing Father's additional

---

[1] In its Pa.R.A.P. 1925(a) opinion, the trial court suggests that Father's appeal should be quashed, as he filed his notice of appeal on August 12, 2025, thirty-two days after the date of the order appealed from.  *See* Pa.R.A.P. 903(a) (notice of appeal shall be filed within thirty days after entry of order). However, while the trial court's order is dated July 11, 2025, the docket indicates that Pa.R.C.P. 236 notice was not given until July 14, 2025.  "In civil actions, the 30-day appeal period begins to run from the date the prothonotary memorializes that it provided notice of the order to the parties pursuant to Pa.R.C.P. 236."  *Smithson v. Columbia Gas of PA/NiSource*, 264 A.3d 755, 759 (Pa. Super. 2021), citing Pa.R.A.P. 108(a) (explaining "date of entry of an order . . . shall be the day on which the clerk makes the notation in the docket that notice of entry of the order has been given as required by [Rule] 236(b)").  Accordingly, Father's notice of appeal was timely filed.

[2] After the trial court determined that Grandmother had standing to seek custody, Father filed a petition to modify or vacate the court's standing order. By order filed on May 30, 2025, the court denied Father's petition.  Father filed an appeal of that order, which appeal was ultimately quashed as interlocutory on September 11, 2025.  After Father filed his notice of appeal of the May 30, 2025 order, but before this Court issued the quashal order, the trial court entered its final custody order on July 14, 2025.  When Father filed his Rule 1925(b) statement relating to his appeal of that order, he did not include issues related to Grandmother's standing, as his earlier appeal of the standing order had yet to be decided.  Thus, on October 2, 2025, Father filed his application for relief seeking to supplement his original Rule 1925(b) statement in the instant appeal.

claims. The trial court filed its supplemental opinion on November 6, 2025.

Father raises the following claims for our review:

1. Did the trial court err by not articulating its rationale behind its decision when issuing its final custody order?

2. Did the trial court err by not issuing a contemporaneous opinion until [Father] filed his notice of appeal?

3. Did the evidence of record support the trial court's contention that granting [Grandmother] sole legal and [primary] physical custody would be in the best interests of [Child]?

4. Did the trial court err by not properly investigating the adequacy of the home environment being offered by the parties involved?

5. Did the trial court err by not properly evaluating the fitness of the people who could potentially be responsible for the care of [Child] in the absence of his parents?

6. At the May 28, 2025 hearing on the issue of [Grandmother's] standing[,] should the text messages have been admitted in as evidence without proper authentication?

7. At the May 28, 2025 hearing[,] should the text messages have been admitted in as evidence even though they were h[ear]say?

8. Did the evidence of record support the trial court's determination that [Grandmother] started her relationship with [Child] with the consent of his parents?

9. Did the evidence of record support the trial court's determination that there was parental abuse, neglect[,] or drug or alcohol abuse?

Brief of Appellant, at 5.

When deciding an appeal from a custody order, we apply the following

scope and standard of review:

[T]he appellate court is not bound by the deductions or inferences made by the trial court from its findings of fact, nor must the reviewing court accept a finding that has no competent evidence

to support it. However, this broad scope of review does not vest in the reviewing court the duty or the privilege of making its own independent determination. Thus, an appellate court is empowered to determine whether the trial court's incontrovertible factual findings support its factual conclusions, but it may not interfere with those conclusions unless they are unreasonable in view of the trial court's factual findings; and thus, represent a gross abuse of discretion.

*C.M. v. M.M.*, 215 A.3d 588, 591 (Pa. Super. 2019) (citation and ellipses omitted). "In addition, with regard to issues of credibility and weight of the evidence, we must defer to the presiding trial judge[,] who viewed and assessed the witnesses first-hand." *S.C.B. v. J.S.B.*, 218 A.3d 905, 913 (Pa. Super. 2019) (citation omitted).

As with all custody-related matters, this Court's "paramount concern is the best interest of the child involved." *Rogowski v. Kirven*, 291 A.3d 50, 61 (Pa. Super. 2023) (citation and brackets omitted). "This standard requires a case-by-case assessment of all the factors that may legitimately affect the physical, intellectual, moral[,] and spiritual well-being of the child." *M.J.M. v. M.L.G.*, 63 A.3d 331, 334 (Pa. Super. 2013) (citation omitted). To that end, the Child Custody Act[3] sets forth factors that a court must consider prior to modifying an existing custody order. *See* 23 Pa.C.S.A. § 5328(a). "All of the best interest factors . . . are required to be considered by the trial court when entering a custody order." *D.Q. v. K.K.*, 241 A.3d 1112, 1118 (Pa. Super. 2020) (citation and brackets omitted). We have held that subsection 5323(d) of the Act "requires the trial court to set forth its mandatory

_____

[3] *See* 23 Pa.C.S.A. §§ 5321-5340.

- 5 -

assessment of the . . . factors prior to the deadline by which a litigant must file a notice of appeal." **C.B. v. J.B.**, 65 A.3d 946, 955 (Pa. Super. 2013).

Father's first two issues are related and, as such, we will address them together. Father argues that the trial court committed reversible error by failing to explain the rationale for its custody decision in the final custody order and waiting until it issued its Rule 1925(a) opinion to address the sixteen custody factors set forth in subsection 5328(a). Father claims that the trial court put him in an "untenable position of having to navigate the initial stages of the appellate process blind," Brief of Appellant, at 22, quoting **C.B.**, 65 A.3d at 953, by "failing to delineate its rationale until one[ ]month after [Father] was required to file his notice of appeal and concise statement." Brief of Appellant, at 22. As a result, Father asserts that he "had to guess at the exact reasons behind the trial court's decision[.]" **Id.**

As noted above, section 5328 of the Child Custody Act sets forth sixteen factors a trial court must consider in making an award of custody. Section 5323 mandates that, when the trial court awards custody, it "shall delineate the reasons for its decision on the record in open court or in a written opinion or order." 23 Pa.C.S.A. § 5323(d). Section 5323 does not, however, specify the point in time at which the court must comply with this requirement. In **C.B.**, **supra**, this Court held that subsection 5323(d) requires the trial court to set forth its mandatory assessment of the sixteen custody factors **prior to the deadline by which a litigant must file a notice of appeal**, thus enabling parties and attorneys to make an informed decision whether to

appeal and to take steps to preserve their claims in a Rule 1925(b) concise statement. **C.B.**, 65 A.3d at 955; **see also** Pa.R.A.P. 1925(a)(2)(i) (requiring concise statements in children's fast track appeals be filed contemporaneously with notice of appeal).

Here, at the conclusion of the custody hearing, the trial court did not make any findings in open court but, rather, took the matter under advisement and informed the parties that it would issue a decision in "up to 15 days[.]" N.T. Custody Hearing, 7/1/25, at 186. The court's July 11, 2025 final custody order did not include any discussion of the sixteen custody factors. Rather, the court simply noted in a footnote that "[t]his order is entered after the presentation of testimony and evidence of each party pursuant to [section] 5328 and after consideration of all of the relevant factors in determining the best interests of [C]hild." Final Custody Order, 7/11/25, at 2 n.3 (unnecessary capitalization omitted).

Since the trial court did not delineate its analysis of the subsection 5328(a) factors in open court or in an opinion filed before the time Father was required to file his notice of appeal, it failed to comply with the requirements of subsection 5323(d) and **C.B.**, **supra**, leaving Father to speculate as to the reasons behind its decision. Accordingly, we are constrained to vacate the order and remand the case to the trial court for the entry of a new final custody order which includes the court's consideration and assessment of the subsection 5328(a) factors. The court shall file its new final custody order within 20 days of the date that the certified record is returned to the trial

court. Father may then seek relief in this Court by filing a notice of appeal, and contemporaneous Rule 1925(b) statement, from the new order. ***See Potts v. Potts***, 344 A.3d 1122 (Pa. Super. 2025) (Table) (vacating custody order and remanding for entry of new order where court did not set forth analysis of subsection 5328(a) factors in open court or file opinion before time for taking appeal).[4]

Order vacated. Case remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 3/2/2026

---

[4] ***See*** Pa.R.A.P. 126(b)(1), (2) (unpublished non-precedential memorandum decisions of this Court filed after May 1, 2019 may be cited for persuasive value).