J-A08031-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| MARK COLEMAN | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| STATE FARM MUTUAL AUTOMOBILE | : | No. 2453 EDA 2025 |
| INSURANCE COMPANY, AND LYDIA | : | |
| MARIA MUNIZ | : | |

Appeal from the Order Entered September 12, 2025
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s): 230600220

BEFORE: LAZARUS, P.J., PANELLA, P.J.E., and KING, J.

MEMORANDUM BY PANELLA, P.J.E.:                **FILED MAY 22, 2026**

Mark Coleman appeals *pro se* from the order entered in the Court of Common Pleas of Philadelphia County granting State Farm Mutual Automobile Insurance Company's motion for summary judgment and dismissing Coleman's complaint with prejudice. Because Coleman's noncompliance with our Rules of Appellate Procedure precludes our ability to conduct meaningful review, we dismiss his appeal.

The trial court summarized the factual and procedural history of the matter as follows:

> [Coleman] filed this lawsuit stemming from a motor vehicle accident that occurred on October 15, 2021. [Coleman] alleges that the vehicle he was in got into an accident with another vehicle that was driven by an uninsured driver[, and] that as a result of the collision, he suffered severe and permanent bodily injuries. [Coleman] allegedly made claims for uninsured motorist benefits

("UM") from [State Farm]. [Coleman] filed [a complaint] against [State Farm on June 2, 2023,] upon the denial of the UM claims.

On January 22, 2024, [Coleman] moved to consolidate this case with two other cases pending with the court that pertain to the same motor vehicle accident. The first case involved a lawsuit filed by [Coleman] against the individual alleged to be driving the vehicle [Coleman] was in during the accident for claims of personal and property damage. The second case was filed by the alleged driver against [Coleman] for negligence and carelessness, asserting that [Coleman] was the driver of the vehicle at the time of the accident.

On February 14, 2024, the court granted the consolidation of the cases ... for the purposes of discovery and arbitration/trial, and ultimately, all but the instant matter settled. On June 25, 2024, [State Farm] filed an answer to the complaint. Then, on July 9, 2024, counsel for [Coleman] filed a motion to withdraw appearance. The court ordered counsel to serve his client with the motion to withdraw and the court's order within ten [] days. Further, the court ordered that any objections to counsel's withdrawal be filed no later than August 6, 2024. [Neither Coleman], nor any of the other parties in the case, filed an objection to [counsel's] withdrawal of appearance. Ultimately, the court granted counsel's motion [for leave] to withdraw[, ordered counsel to file a praecipe to withdraw with the office of judicial records,] and stayed the case for thirty [] days to allow [Coleman] to seek new counsel.

Thereafter, on September 27, 2024, the case was removed from deferred status[,] and on October 1, 2024, counsel for [Coleman] filed a praecipe to withdraw as counsel with the office of judicial records. There was no entry of appearance of new counsel on [Coleman's] behalf, and [Coleman] proceeded *pro se* from thereon. Following this, on June 2, 2025, [State Farm] filed a motion for summary judgment. In response, [Coleman] filed a *pro se* answer in opposition on July 21, 2025, which mainly repeated the basic facts of the case and [Coleman's] demands without addressing the core issues highlighted in [State Farm's] motion.

On September 11, 2025, [the] court granted [State Farm's] motion and dismissed the case with prejudice. Although [Coleman] did not seek reconsideration, on September 22, 2025, [he] filed a *pro se* [notice of] appeal with the Superior Court[.

Coleman] was directed to file a statement of errors complained of on appeal[, pursuant to Pa.R.A.P. 1925(b),] by October 13, 2025.

Trial Court Opinion, 11/17/25, at 1-2 (headings, unnecessary capitalization, and footnote omitted). On September 29, 2025, Coleman filed a purported 1925(b) statement. However, as the trial court noted in its Rule 1925(a) opinion, Coleman's 1925(b) statement "consisted of a summary of facts instead of a clear indication of any abuse of discretion or mistake[] he believed the court made in granting [State Farm's] motion for summary judgment." *Id.* at 3 (unnecessary capitalization and footnote omitted). Likewise, in his *pro se* appellate brief, Coleman has failed to include a statement of questions involved or otherwise identify a specific legal error for our review. **See** Appellant's Brief, at 1-4 (unpaginated).

Our Rules of Appellate Procedure provide:

Briefs and reproduced records shall conform in all material respects with the requirements of these rules as nearly as the circumstances of the particular case will admit, otherwise they may be suppressed, and, if the defects are in the brief or reproduced record of the appellant and are substantial, the appeal or other matter may be quashed or dismissed.

Pa.R.A.P. 2101. Accordingly, "when issues are not properly raised and developed in briefs" or "when briefs are wholly inadequate to present specific issues for review, a court will not consider the merits thereof." **Commonwealth v. Wright**, 314 A.3d 515, 523 (Pa. Super. 2023) (brackets and citation omitted).

Coleman's four-page brief is deficient in several significant respects due to his noncompliance with our Rules of Appellate Procedure. Specifically, Coleman's brief does not include statements of jurisdiction, the applicable scope and standard of review, the questions involved, or a statement of the case. *See* Pa.R.A.P. 2111(a)(1), (3), (4), (5); *see also* Pa.R.A.P. 2116 (requiring that the statement of questions involved "state concisely the issues to be resolved," as "[n]o question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby"). In his brief, Coleman also failed to include the trial court order at issue, a summary of his argument, or a copy of his 1925(b) statement. *See* Pa.R.A.P. 2111(a)(2), (6), (11). Furthermore, Coleman failed to present a cogent argument supported by citations to the record and pertinent legal authorities. *See* Pa.R.A.P. 2119(a), (b).

> Although this Court is willing to construe liberally materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant. A *pro se* litigant must comply with the procedural rules set forth in the Pennsylvania Rules of the Court. Any layperson choosing to represent himself in a legal proceeding must, to some reasonable extent, assume the risk that his lack of expertise and legal training will prove his undoing.

*Smithson v. Columbia Gas of PA/NiSource*, 264 A.3d 755, 760 (Pa. Super. 2021) (quotation marks, brackets, and citations omitted).

The deficiencies in Coleman's brief are so substantial that they preclude any possibility of conducting meaningful appellate review. Accordingly, we are

constrained to dismiss Coleman's appeal without considering the merits. ***See***

Pa.R.A.P. 2101; ***Wright***, 314 A.3d at 523.

Appeal dismissed.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

Date: 5/22/2026