J-S29004-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| ABIGAIL AYALA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LEVONZIA STEVENS JR. | : | |
| | : | |
| Appellant | : | No. 186 MDA 2023 |

Appeal from the Order Entered January 25, 2023
In the Court of Common Pleas of York County
Civil Division at 2023-FC-000095-12

BEFORE:   MURRAY, J., KING, J., and COLINS, J.[*]

JUDGMENT ORDER BY MURRAY, J.:          **FILED AUGUST 28, 2023**

Levonzia Stevens, Jr. (Appellant), appeals *pro se* from a final order entered pursuant to the Protection from Abuse (PFA) Act, 23 Pa.C.S.A. §§ 6101-6122.[1]  As we are unable to conduct meaningful review, we dismiss the appeal.

Appellant timely filed a notice of appeal, and the trial court ordered Appellant to file a concise statement of errors pursuant to Pa.R.A.P. 1925(b).

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] After a hearing, the trial court ordered, *inter alia*, that Appellant was prohibited from having contact with Abigail Ayala (Ayala); "evicted and excluded" from any residence where Ayala "may live"; prohibited from posting any remarks or images regarding Ayala on social media or "other electronic networks"; prohibited from possessing or acquiring any firearms; and directed to relinquish "any and all licenses to carry a firearm."  Order, 1/25/23.

However, Appellant did "not explain[] in his concise statement what error he believes the trial court may have made." Trial Court Opinion, 3/1/23, at 2 (stating Appellant "makes allegations related to [Ayala] and asks the court to seek and weigh additional evidence."). The trial court concluded Appellant did "not aid the court in understanding what issues to address on appeal." ***Id.*** The trial court added, "all issues or alleged errors not raised herein are deemed waived." ***Id.***

Appellant's brief is also deficient. Appellant's brief consists of the following two paragraphs:

> In Pennsylvania abuse is defined as, causing or attempting to cause injury or certain sexual offenses causing reasonable fear of immediate, serious injury, the crime of false imprisonment[,] physical or sexual abuse of the children as defined by the Child Protective Services Act, or repeatedly following, or other acts, that place you in reasonable fear of injury. Statue 23 Pa. C.S.A § 6101, Protection from Abuse Act.
>
> Per the statu[te] above[, Appellant] did not violate any of the requirements to have [a] PFA issued on him. It is believe[d] the court's decision was made with bias do [*sic*] to a previous PFA issued, in which Ms. Ayala lied to the courts to discredit [Appellant's] credibility, [and] to cover up her actions in the community. It is believed Ms. Ayala has no physical evidence against [Appellant] and the courts have only accepted her words, which are not accurate. For these reasons I am requesting an appeal hearing.

Appellant's Brief (unnumbered).

Appellant has disregarded nearly every rule pertaining to contents of appellate briefs. ***See*** Pa.R.A.P. 2101-2119. Briefs must conform materially to the requirements of the rules and this Court may quash or dismiss an appeal

if the defects are substantial.   Pa.R.A.P. 2101; **see also Smithson v. Columbia Gas of PA/NiSource**, 264 A.3d 755, 760 (Pa. Super. 2021). Although we are willing to construe liberally materials filed by *pro se* litigants, *pro se* litigants enjoy no special benefit.  **Commonwealth v. Tchirkow**, 160 A.3d 798, 804 (Pa. Super. 2017).  *Pro se* litigants must comply with the rules set forth in the Pennsylvania Rules of Court.  **Commonwealth v. Lyons**, 833 A.2d 245, 251–52 (Pa. Super. 2003).

Instantly, the substantial defects in Appellant's brief impede our review. We are thus constrained to dismiss the appeal.  **See Smithson**, 264 A.3d at 760 (dismissing appeal where "Appellant's noncompliance with our rules of procedure forecloses any possibility of meaningful appellate review.").

Appeal dismissed.


Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 08/28/2023