J-S29002-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| SHERI CHAPEL | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RANDY CHAPEL, MARILYN CHAPEL, | : | No. 213 MDA 2023 |
| AND BANK OF MELLON NEW YORK | : | |
| TRUST COMPANY, N.A. AS TRUSTEE | : | |
| FOR MORTGAGE ASSETS | : | |
| MANAGEMENT SERIES I TRUST | : | |

Appeal from the Order Entered January 13, 2023
In the Court of Common Pleas of Susquehanna County
Civil Division at 2022-00612

BEFORE: MURRAY, J., KING, J., and COLINS, J.*

MEMORANDUM BY MURRAY, J.:       **FILED: SEPTEMBER 27, 2023**

Sheri Chapel (Appellant) appeals *pro se* from the order sustaining preliminary objections filed by Marilyn Chapel (Defendant), and dismissing with prejudice Appellant's action to quiet title. The trial court dismissed the action, in part, because Appellant failed to join indispensable parties. We affirm.

The trial court explained that Appellant

is the daughter of Carlton Chapel [(Carlton)], deceased, who was married to Defendant at the time of his death. (H.T. 12/20/22, p. 4). The property at issue, namely 576 Day Road, Montrose, … Pennsylvania [(the Property),] was listed in [Carlton's] name only.

---

* Retired Senior Judge assigned to the Superior Court.

Carlton [] married Defendant on or around May 3, 2011. (H.T. 12/20/22, p. 6). Thereafter[,] on March 13, 2012[,] there was a deed of conveyance [(the 2012 deed)] between Carlton and [Defendant] to Carlton and [Defendant]. (H.T., 12/20/22, pp. 7-8).

The [P]roperty is subject to a reverse mortgage and foreclosure proceedings have been instituted against Defendant. The Bank of New York Mellon Trust Company, N.A.[,] as Trustee for Mortgage Assets Management Series I Trust (hereinafter [BNY Mellon]) is the entity that has acquired all interests and rights in the reverse mortgage ….

Trial Court Opinion, 4/17/23, at 2.

On July 12, 2022, Appellant filed a complaint against Defendant to quiet title to the Property. In her complaint, Appellant acknowledged that Carlton had executed a reverse mortgage for the Property on December 18, 2001. Complaint, 7/12/22, ¶ 4. Appellant further averred that Carlton died intestate on June 13, 2020. *Id.* ¶ 5.

Appellant challenged the validity of the 2012 deed, claiming that Carlton, alone, owned the Property in 2012, as it was acquired before Carlton married Defendant. *Id.* ¶ 14. Appellant asserted the 2012 deed is invalid because Defendant "had no rights to the real property and could not [] grant or convey any rights to the property to herself or anyone." *Id.* ¶ 14. Appellant sought to void the 2012 deed. *Id.* ¶ 23.

Defendant filed preliminary objections to Appellant's complaint. Defendant asserted, in part, that Appellant failed to join BNY Mellon and Carlton's heirs as indispensable parties. Appellant subsequently filed a second amended complaint; again, Defendant filed preliminary objections. On

October 4, 2022, Appellant filed a third amended complaint naming BNY Mellon and Randy Chapel (Carlton's son and heir) as defendants. Third Amended Complaint 10/4/22, ¶¶ 6-7. However, Appellant did not name Carlton's other heirs or his estate.

BNY Mellon filed an answer and new matter, while Defendant filed preliminary objections to the third amended complaint. The trial court held a hearing on the preliminary objections on December 20, 2022. On January 11, 2023, the trial court entered an order sustaining Defendant's preliminary objections and dismissing Appellant's third amended complaint with prejudice. Order, 1/11/23. Appellant filed this timely appeal. Appellant and the trial court have complied with Pa.R.A.P. 1925.

Appellant presents eight issues for our review.[1] We limit our discussion to the following issue, as it is dispositive:

_____

[1] Appellant's argument spans two pages, contrary to Rule 2119:

> The argument shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part-- in distinctive type or in type distinctively displayed--the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent.

Pa.R.A.P. 2119(a). Briefs must conform materially to the requirements of the rules and this Court may quash or dismiss an appeal if the defects are substantial. Pa.R.A.P. 2101; *see also Smithson v. Columbia Gas of PA/NiSource*, 264 A.3d 755, 760 (Pa. Super. 2021). Although we are willing to construe liberally materials filed by *pro se* litigants, they enjoy no special benefit. *Commonwealth v. Tchirkow*, 160 A.3d 798, 804 (Pa. Super. 2017).

Did the trial court err in sustaining preliminary objections for failure to join indispensable parties?

Appellant's Brief at 3 (unnumbered).

Failing to join an indispensable party to a lawsuit implicates the trial court's subject matter jurisdiction. ***Strasburg Scooters, LLC v. Strasburg Rail Road, Inc.***, 210 A.3d 1064, 1069 (Pa. Super. 2019). "A party is indispensable when his or her rights are so connected with the claims of the litigants that no decree can be made without impairing those rights." ***Northern Forests II, Inc. v. Keta Realty Co.***, 130 A.3d 19, 29 (Pa. Super. 2015) (citation omitted). The question of whether a trial court possesses subject matter jurisdiction is one of law; our standard of review is *de novo*. ***Domus, Inc. v. Signature Bldg. Sys. of PA, LLC***, 252 A.3d 628, 634 (Pa. 2021).

Our review discloses that in her third amended complaint, Appellant joined BNY Mellon as a party. Third Amended Complaint, 10/4/22, ¶ 7. Appellant also joined Randy Chapel, "son and heir to Carlton W. Chapel." ***Id.*** ¶ 6. Defendant preliminarily objected, in part, based on Appellant's failure to join Carlton's other heirs and his estate as indispensable parties:

> Any heirs of the Estate of Carlton Chapel are also indispensable parties because if the [Property] deed is voided then those heirs would come to have an interest in the subject real property. Furthermore, the heirs would have a right to be heard with respect to whether the [2012] deed should be voided. The Estate of Carlton Chapel is an indispensable party to this action.

Preliminary Objections, 10/24/22, ¶ 16.

The trial court likewise concluded:

[Appellant] has [] failed to name any heirs of the Estate of Carlton Chapel. Any heir of the Estate of Carlton Chapel would also be indispensable parties because if this [c]ourt were to void the deed between Carlton and [Defendant] and Carlton and [Defendant], those heirs would come to have an interest in [the Property].

Trial Court Opinion, 4/17/23, at 3.

Appellant fails to address, or even mention, the indispensable party issue in her argument, although she identified the issue in her statement of questions presented. *See* Appellant's Brief at 3 (unnumbered). "[W]here an appellate brief fails to provide any discussion of a claim with citation to relevant authority[,] or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived." *In re A.C.*, 991 A.2d 884, 897 (Pa. Super. 2010). As Appellant failed to address the indispensable party issue, it is waived. *See id.* Further, because Appellant's failure to join indispensable parties deprived the trial court of subject matter jurisdiction, we affirm the dismissal of Appellant's third amended complaint with prejudice. *See Strasburg Scooters, LLC*, 210 A.3d at 1069.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/27/2023