J-A11034-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| TERESA ADITYA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| STEFAN MIELNIK | : | |
| | : | |
| Appellant | : | No. 1152 MDA 2023 |

Appeal from the Order Entered August 3, 2023
In the Court of Common Pleas of Centre County Civil Division at No(s):
2023-1641

BEFORE:  BOWES, J., STABILE, J., and MURRAY, J.

MEMORANDUM BY MURRAY, J.:                **FILED: APRIL 26, 2024**

Stefan Mielnik (Appellant) appeals, *pro se*, from the order granting Teresa Aditya (Aditya) relief pursuant to the Protection from Abuse (PFA) Act, 23 Pa.C.S.A. §§ 6101-6122.  We quash the appeal.

Aditya filed a PFA petition on July 19, 2023, seeking the entry of a PFA order against Appellant.  Aditya indicated that she previously was in an intimate relationship with Appellant, which ended in 2021.  PFA Petition, 7/19/23, at 2.  According to Aditya, Appellant perpetrated various forms of abuse against her during and after their relationship, including "pushing hard"; "spitting on [Aditya]"; and that Appellant had "confiscated my personal property on a number of occasions (phone, laptop, my bags, my keys)."  *Id.* at 3 (capitalization modified).

The trial court conducted evidentiary hearings on August 2, 2023, and August 3, 2023. Aditya testified consistent with the allegations in her PFA petition.[1] *See* N.T., 8/2/23, at 4-10. Appellant, proceeding *pro se*, testified on his own behalf. *See* N.T., 8/3/23, at 4-22. At the conclusion of the hearings, the trial court found that Appellant's behavior constituted abuse pursuant to the PFA Act, and entered a final order prohibiting any contact between the parties for three years. *Id.* at 37-38.

The trial court elaborated in its Pa.R.A.P. 1925(a) opinion as follows:

> Appellant did engage in conduct that constitutes the definition of abuse under 23 Pa.C.S. § 6102. Specifically, [the trial c]ourt found that Appellant's acts of showing up at [Aditya's] residence unannounced and without invitation, along with [Appellant's] taking of [Aditya's] electronic devices without her consent in order to monitor her behavior, did place [Aditya] under a reasonable fear of bodily injury.

Trial Court Opinion, 9/14/23, at 1; *see also* 23 Pa.C.S.A. § 6102(a) (defining "abuse").

Appellant timely filed a *pro se* notice of appeal on August 15, 2023. Two days later, the trial court entered an order (Rule 1925 Order), directing Appellant to file, within 21 days, a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925.[2] The Rule 1925 Order cautioned

---

[1] The testimony at the PFA hearing is not relevant in light of Appellant's waiver of all issues on appeal, which we discuss below.

[2] The trial court docket reflects a copy of the Rule 1925 Order was mailed to Appellant the day after its entry.

Appellant that "any issue not properly included in the timely filed Statement shall be deemed waived by the appellate court." Rule 1925 Order, ¶ 2. **Appellant never filed a concise statement**, nor did he request an enlargement of time within which to file a statement.

The trial court, in its Rule 1925(a) opinion, asked this Court to deem all Appellant's issues waived on appeal, for his non-compliance with the Rule 1925 Order:

> As Appellant has failed to comply with this court's Order and to provide this court with any indication of what issues he intends to pursue on appeal, this court is unable to produce any meaningful opinion to assist in appellate review. Accordingly, this court respectfully requests that the Superior Court deem any issues sought to be raised by Appellant to be waived pursuant to Pa.R.A.P. 1925(b)(4).

Trial Court Opinion, 9/14/23, at 2 (capitalization modified); *see also* Pa.R.A.P. 1925(b)(4)(vii) (providing any "[i]ssues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived.").

We first address whether Appellant preserved his issues for review. Under our appellate rules, an appellant may not raise issues on appeal that were not raised before the trial court. *See* Pa.R.A.P. 302(a) (providing that issues not raised in the lower court are waived and cannot be raised for the first time on appeal). It is axiomatic that "any issue not raised in a Rule 1925(b) statement will be deemed waived for appellate review." *Commonwealth v. Bonnett*, 239 A.3d 1096, 1106 (Pa. Super. 2020) (citing

*Commonwealth v. Lord*, 719 A.2d 306, 309 (Pa. 1998)). Thus, based on Appellant's failure to file a court-ordered concise statement, he waived all his issues on appeal.[3] *Bonnett*, 239 A.3d at 1106; Pa.R.A.P. 1925(b)(4)(vii).

We further note Appellant waived his issues for an additional reason. His appellate brief is devoid of citation to relevant legal authority, aside from a single citation that is buried in a stream-of-consciousness argument.[4] This Court has stated, "[i]t is beyond cavil that, where an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived." *B.S.G. v. D.M.C.*, 255 A.3d 528, 535 (Pa. Super. 2021) (citing, *inter alia*, Pa.R.A.P. 2119(a) (mandating that an appellant develop an argument with citation to and analysis of relevant legal authority)); *see also*

---

[3] We are mindful Appellant is proceeding *pro se*.

> [A]lthough this Court is willing to construe liberally materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant. A *pro se* litigant must comply with the procedural rules set forth in the Pennsylvania Rules of the Court. Any layperson choosing to represent himself or herself in a legal proceeding must, to some reasonable extent, assume the risk that his or her lack of expertise and legal training will prove his or her undoing.

*Smithson v. Columbia Gas of PA/NiSource*, 264 A.3d 755, 760 (Pa. Super. 2021) (citations, quotation marks, and brackets omitted).

[4] Appellant briefly cites "23 § 6117.b," in claiming the trial court "made an error of law when the court did not act upon the discovery of bad faith acts." Appellant's Brief at 14; *see also* 23 Pa.C.S.A. § 6117(b) (governing remedies for PFA actions taken in bad faith).

***In re S.T.S.***, 76 A.3d 24, 42 (Pa. Super. 2013) ("When an appellant fails to develop his issue in an argument and fails to cite any legal authority, the issue is waived." (citation omitted)).

Based on the foregoing, we quash Appellant's appeal.

Appeal quashed.  Case removed from the argument list.

Judgment Entered.

_____
Benjamin D. Kohler, Esq.
Prothonotary

Date: 4/26/2024