J-A23002-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| KEERTHY PULIME | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| THILIP KUMAR RAVILLA | : | |
| | : | |
| Appellant | : | No. 189 MDA 2024 |

Appeal from the Order Entered January 3, 2024
In the Court of Common Pleas of Cumberland County Civil Division at
No(s):  2023-10471

BEFORE:  BOWES, J., OLSON, J., and STABILE, J.

MEMORANDUM BY BOWES, J.:                   **FILED SEPTEMBER 23, 2024**

Thilip Kumar Ravilla appeals *pro se* from the Protection from Abuse ("PFA") order entered against him upon the petition of Keerthy Pulime.  We dismiss the appeal.

Briefly, the history of this case is as follows.  Appellant and Ms. Pulime are estranged spouses who share a minor child, J.R.  In December 2022, while the parties were residing in the state of Washington, Appellant held a knife to Ms. Pulime's eye and threatened to kill her.  A few months later, he assaulted Ms. Pulime with his hands, resulting in his arrest and incarceration.  Ms. Pulime relocated to Cumberland County, Pennsylvania, to live with her sister, and an action concerning J.R.'s custody was commenced there.  On December 8, 2023, Appellant appeared at Ms. Pulime's residence uninvited and unannounced while she and her sister were out.  When they returned and

demanded that he leave, Appellant held Ms. Pulime by the neck and threatened to kill her.

Three days later, Ms. Pulime filed a PFA petition and, after an *ex parte* hearing, obtained a temporary PFA order. The court scheduled a prompt final PFA hearing, which it continued at Appellant's request. The hearing took place on January 3, 2024, at which the parties appeared. Ms. Pulime testified to the above-described incidents of abuse with no objections from Appellant. Appellant testified as to his versions of events. He acknowledged that he hit Ms. Pulime in February and was arrested, but he asserted that the case was dismissed without prejudice after Ms. Pulime failed to appear for the trial. Appellant denied having any physical contact with her in December or remaining in the sister's home as long as Ms. Pulime indicated. Appellant sought to have his brother-in-law testify about the time Appellant left the residence on December 8, but the testimony was obviated by a stipulation. Appellant did not seek to offer any additional evidence. The court stated that it did not need to hear from any other witnesses and Appellant did not object.

At the conclusion of the hearing, the court indicated that it found that Ms. Pulime had proved both abuse and reasonable fear of abuse. Consequently, it entered a final PFA order protecting Ms. Pulime for a period of three years. The order further temporarily awarded custody of J.R. to Ms. Pulime pending custody conciliation scheduled the following week, but permitted Appellant to engage in peaceful, non-abusive text-message

communication with her about J.R.'s welfare. The order expressly acknowledged that its custody provisions would be superseded by any valid subsequent custody order.

Appellant filed a motion for reconsideration that the trial court denied. He then filed this timely appeal. He presents the following questions for our review:

> 1. Whether the court of common pleas considered and pressumed [*sic*] the domestic violence case in Washington state which was "dismissed without predujice" [*sic*] in issuing the PFA order . . . ?
>
> 2. Whether the witness of [Ms. Pulime] was called to testify and cross-examine on day of trial?
>
> 3. Whether trial court has jurisdiction to presume [Appellant] to be guilty without even a conviction or a fair trail [*sic*] on the Washington state PFA order?
>
> 4. Whether the witness testimony on the child custody case . . . relevant to this PFA case should be considered in judging this appeal?

Appellant's brief at 4-5 (cleaned up).

After review of Appellant's brief, we find that he has waived his issues. Specifically, he does not attempt to develop any argument in support of any raised claims that is supported by citations to the record and pertinent legal authority as is required by Pa.R.A.P. 2119(c) and (b). Instead, Appellant proffers a timeline of the parties' relationship without any indication where the stated facts were established in the record and presents perfunctory, unsupported argument that Ms. Pulime fabricated the incident to influence

custody proceedings, that uncalled witnesses should have testified, and that the court should not have considered the Washington incident since the criminal charges were dismissed.[1] Critically, he also does not satisfy the obligation imposed by Rules 2117(c) and 2219(e) by indicating when and how he preserved his evidentiary challenges by raising them first in the trial court. Nor does our review of the final PFA hearing transcript, which is the only item included in Appellant's reproduced record, reveal that he made timely objections to the matters about which he now complains.

It is well-settled that, "although this Court is willing to construe liberally materials filed by a *pro se* litigant, a *pro se* appellant enjoys no special benefit." ***Commonwealth v. Tchirkow***, 160 A.3d 798, 804 (Pa.Super. 2017). "A *pro se* litigant must comply with the procedural rules set forth in the Pennsylvania Rules of the Court." ***Smithson v. Columbia Gas of PA/NiSource***, 264 A.3d 755, 760 (Pa.Super. 2021) (cleaned up). "Any layperson choosing to represent himself in a legal proceeding must, to some reasonable extent, assume the risk that his lack of expertise and legal training will prove his undoing." ***Id***. (cleaned up).

Appellant's failure to preserve his claims by raising them below, and his disregard for the Rules of Appellate Procedure, has resulted in the waiver of

---

[1] While Appellant cites two cases in his reply brief, "a reply brief cannot be a vehicle to argue issues raised but inadequately developed in [an] appellant's original brief." ***Riverview Carpet & Flooring, Inc. v. Presbyterian SeniorCare***, 299 A.3d 937, 969 (Pa.Super. 2023) (cleaned up).

all his appellate issues.  *See*, *e.g.*, Pa.R.A.P. 302(a) ("Issues not raised in the trial court are waived and cannot be raised for the first time on appeal."); ***Sephakis v. Pennsylvania State Police Bureau of Records & Identification***, 214 A.3d 680, 687 (Pa.Super. 2019) (finding waiver where the appellant presented only "a two-paragraph 'argument' comprised of conclusory, self-serving statements with no citation to the record or legal authority, and no legal analysis").  Therefore, we dismiss this appeal without reaching its merits.  *See* Pa.R.A.P. 2101 ("[I]f the defects are in the brief or reproduced record of the appellant and are substantial, the appeal or other matter may be . . . dismissed.").

Appeal dismissed.  Oral argument scheduled for October 9, 2024, is cancelled.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 09/23/2024