J-S29033-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| SHERIFIA HERON | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| DANIEL CAMINO | : | No. 252 WDA 2024 |

Appeal from the Order Entered February 14, 2024
In the Court of Common Pleas of Erie County
Domestic Relations at NS202300060, PACSES Case No. 768301911

BEFORE:  DUBOW, J., KING, J., and BENDER, P.J.E.

MEMORANDUM BY BENDER, P.J.E.:            **FILED: OCTOBER 3, 2024**

Sherifia Heron (Mother) appeals *pro se* from the order directing Daniel Camino (Father) to pay $642 per month for support of the parties' minor child (Child).[1]  We affirm.

Child was born in November 2016.  Mother first petitioned for child support on January 19, 2023, and Father was ordered to pay $685 a month.  Father sought to reduce that amount.  On July 21, 2023, following a hearing, the trial court determined that Father's support obligation was $171 a month.  On September 7, 2023, Mother petitioned to increase Father's support obligation on the basis that Father "has more income than reported."  Petition for Modification, 9/7/23, at 2.  Pertinently, the Erie County domestic relations support officer (support officer) held a conference on October 27, 2023.

---

[1] Both parties have appeared *pro se* from the inception of this case in 2023.

On January 3, 2024, the support officer issued a "Summary of Trier of Fact" and "Interim Order of Court." The support officer determined Mother's net monthly income was $8,647, and Father's net monthly income was $3,378. Summary of Trier of Fact, 1/3/24, at 2. The support officer explained that she calculated Mother's income based on Mother's tax return, and calculated Father's income based on Father's paystubs from part-time employment, along with an earning capacity "based on his ability to work full-time." *Id.* at 2-3. The support officer concluded that Father's "Guideline Amount" of child support was $642 per month. *Id.* at 3.

On January 11, 2024, Mother filed a request for a hearing *de novo* with the trial court. Mother claimed the support officer miscalculated Father's income because Father receives additional income from rental properties. Demand for Court Hearing, 1/11/24, at 1. The trial court scheduled a hearing for February 14, 2024. Mother received notice of the hearing but failed to appear. Thereafter, the trial court issued an order finding the support officer's determination "to be appropriate." Order, 2/14/24, at 1. The trial court ruled that the January 3, 2024 order recommended by the support officer "is hereby made a final order." *Id.*

Mother timely appealed on February 23, 2024. The trial court did not order Mother to file a concise statement of errors pursuant to Pa.R.A.P. 1925(b). Rather, the court issued an opinion in support of affirmance, stating that Mother never served the court with her notice of appeal, and the court "only became aware of the appeal" after receiving the "March 1, 2024 Superior

Court correspondence enclosing a copy of the docket." Trial Court Opinion (TCO), 3/25/24, at 1.

Although our review confirms that Mother did not serve the trial court with her notice of appeal, the oversight does not impact our decision. When filing a notice of appeal, an appellant "shall serve copies" on the "judge of the court below." Pa.R.A.P. 906(a)(2). However:

> Failure of an appellant to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is subject to such action as the appellate court deems appropriate, which may include, but is not limited to, remand of the matter to the lower court so that the omitted procedural step may be taken.

Pa.R.A.P. 902. This Court has further held that when "a party's procedural missteps do not affect the validity of the appeal, remand is not required." *Coffman v. Kline*, 167 A.3d 772, 776 (Pa. Super. 2017) (citation omitted). In this case, remand is not required.

We review child support orders for an abuse of discretion. The Pennsylvania Supreme Court has explained:

> A support order will not be disturbed on appeal unless the trial court failed to consider properly the requirements of the Rules of Civil Procedure Governing Actions for Support, Pa.R.C[iv].P.1910.1 *et seq.*, or abused its discretion in applying these Rules. … **This is a limited role and, absent a clear abuse of discretion, the appellate court will defer to the order of the trial court**. A finding of abuse is not lightly made but only upon a showing of clear and convincing evidence.

*Christianson v. Ely*, 838 A.2d 630, 634 (Pa. 2003) (quotation marks and citations omitted, emphasis added).

There is no evidence that the trial court abused its discretion. As the trial court stated, "Mother was not present at the time scheduled for the *de novo* hearing, neither party presented any evidence[, and] the hearing did not occur." TCO at 1. The trial court also observed that "none of the allegations [Mother] raises on appeal have been heard by the trial court." ***Id.***

The order scheduling the hearing advised the parties: "If you fail to appear for the hearing[,] … the court may … issue an order in your absence." Order, 1/11/24, at 2. Mother concedes she did not appear at the time scheduled for the hearing. ***See*** Mother's Brief at 17 (stating that Mother arrived late "due to unforeseen events" involving Child being ill, road construction and difficulty finding parking). Also, there is no indication in the record that Mother contacted the court, filed any pleadings, or otherwise sought to rectify her failure to appear. The trial court docket shows that Mother's February 23, 2024 notice of appeal is the next entry after the trial court's February 14, 2024 order.

As there was no hearing, there is nothing for this Court to review.[2] We recently restated:

> [T]he fundamental tool for appellate review is the official record of the events that occurred in the trial court. ***See Commonwealth v. Preston***, 904 A.2d 1, 6 (Pa. Super. 2006). The law of Pennsylvania is well settled that matters which are not of record cannot be considered on appeal. ***See id***. Indeed, an appellate court is limited to considering only those facts that have

_____

[2] The conference with the support officer was not transcribed.

- 4 -

been duly certified in the record on appeal. *See Commonwealth v. Powell*, 956 A.2d 406, 423 (Pa. 2008).

*Commonwealth v. Neill*, No. 445 WDA 2023, unpublished memorandum at *1 (Pa. Super. filed Apr. 30, 2024).[3]

In addition, Mother's brief is problematic.[4]  Mother raises five unnumbered issues concerning Father's income, earning capacity, and arrears.  Mother's Brief at 3-4.[5]  In 3½ pages of argument, Mother discusses findings and orders which preceded the February 14, 2024 order from which she appeals, and does not cite pertinent legal authority.  *Id.* at 18-21; *see also* Pa.R.A.P. 2119(a) (requiring argument to be divided "into as many parts as there are questions to be argued," with distinct headings, and "followed by such discussion and citation of authorities as are deemed pertinent.").

Mother further

> request[s] that the trial court's judgment be modified[,] and an increase in [Father's] monthly child support to reflect his true net income, and he be held at full-time earning capacity and [C]hild's private school tuition, summer daycare and other extracurricular activities that were not considered by the trial court [be addressed on appeal].

_____

[3] Pursuant to Pa.R.A.P. 126(b), we may cite unpublished memorandum decisions issued by this Court after May 1, 2019 for their persuasive value.

[4] Mother is self-represented, and while "this Court is willing to construe liberally materials filed by a *pro se* litigant," Mother's *pro se* status "confers no special benefit." *Smithson v. Columbia Gas of PA/NiSource*, 264 A.3d 755, 760 (Pa. Super. 2021) (quoting *Commonwealth v. Lyons*, 833 A.2d 245, 251-52 (Pa. Super. 2003)).

[5] Father has not filed an appellee brief.

[Mother] also requests modifying [Father's] arrears to reflect his correct monthly child support and effective date of 01/19/23.

Mother's Brief at 18.

We cannot grant Mother's request to modify the trial court's order. The Superior Court "is an error-correcting court." *See Matter of M.P.*, 204 A.3d 976, 986 (Pa. Super. 2019) (citation omitted); *Caterpillar Fin. Servs. Corp. v. Get 'Er Done Drilling, Inc.*, 286 A.3d 302, 307 (Pa. Super. 2022) (stating, "Superior Court, as an error-correcting court, may not purport to reverse a trial court's order where the only basis for a finding of error is a claim that the responsible party never gave the trial court an opportunity to consider"). This Court does not act as a fact-finder. *See Trizechahn Gateway, LLC v. Schnader, Harrison, Segal & Lewis, LLP*, 262 A.3d 467 (Pa. Super. 2021) (citing *Commonwealth v. Grant*, 813 A.2d 726, 734 (Pa. 2002) (appellate courts do not act as fact finders) and *Burke ex rel. Burke v. Independence Blue Cross*, 128 A.3d 223, 229 (Pa. Super. 2015) (the Superior Court "is not a fact-finding tribunal")).

Here, the trial court explained:

Without any evidence to support deviation from the guideline calculation set forth as a result of the documentation obtained for the [support officer's] conference, the January 3, 2024 interim order was made final. *See* Pa.R.C[iv].P. 1910.16-1(d) (there is a rebuttable presumption that the guideline-calculated support obligation is correct).

TCO at 1.

We have no basis to disturb the trial court's order. However, we note that a parent's child support obligation is always modifiable if there has been

- 6 -

a change in circumstances. **See *Long v. Long***, 282 A.3d 694, 699 (Pa. Super.

2022). In addition,

> a modification of an existing support order may be retroactive to a date preceding the date of filing if the petitioner was precluded from filing a petition for modification by reason of a … compelling reason and if the petitioner, when no longer precluded, promptly filed a petition.

Pa.R.Civ.P. 1910.17.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 10/03/2024