J-A17033-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| JESSE PELLOW | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| PRESBYTERIAN VILLAGE AT | : | No. 45 WDA 2025 |
| HOLLIDAYSBURG | : | |

Appeal from the Order Entered January 7, 2025
In the Court of Common Pleas of Blair County Civil Division at No(s):
2023 GN 1392

BEFORE:  McLAUGHLIN, J., LANE, J., and BENDER, P.J.E.

MEMORANDUM BY BENDER, P.J.E.:            **FILED:  September 4, 2025**

Jesse Pellow ("Appellant") appeals *pro se* from the order entered on January 7, 2025, in the Court of Common Pleas of Blair County, which granted summary judgment against him and in favor of Presbyterian Village at Hollidaysburg ("Appellee").  We affirm.

Appellant initiated this action against his former employer, Appellee, with the filing of a complaint on June 6, 2023.  Trial Court Opinion & Order ("TCOO"), 1/7/25, at 1.  The trial court construed his complaint to have stated a claim for retaliation pursuant to the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. §§ 951-963, "which, in pertinent part, forbids an employer from 'discriminating in any manner against any individual because such individual has opposed any practice forbidden by this act, or because such individual has made a charge, testified or assisted, in any manner, in any

investigation, proceeding or hearing under this act.'" TCOO at 1-2 (quoting 43 P.S. § 955(d)).

Briefly, Appellant averred in his complaint that he has autism, general anxiety, and depression, and that he was hired by Appellee in October of 2022. *Id.* at 2. He claimed that Appellee terminated him in retaliation for his reporting "staff mistreatment of a patient" to Appellee's human resources department. *Id.* at 2-3, 5. Appellee, on the other hand, purported that Appellant was terminated due to his violating Appellee's privacy policy. *Id.* at 3; *see also id.* at 2-3 ("A Privacy Event Report was made out for unauthorized use of Protected Health Information on 11/26/22 against [Appellee's] Privacy policy."). Notably, there was no allegation that Appellant was fired due to his disability. *See id.* at 5.

After the close of discovery, Appellee filed a motion for summary judgment, in which it argued that Appellant failed to state a claim for retaliation under the PHRA. Appellant responded by filing a "Response to Motion to Dismiss and Objections to Exhibits Included and Further Deposition Request." Finally, Appellee filed a reply brief.

On January 7, 2025, the trial court entered an order granting summary judgment in favor of Appellee. In its opinion accompanying said order, the trial court stated:

> A *prima facie* case of retaliation under the PHRA requires a complainant to show that: (i) **he was engaged in a protected activity**; (ii) employer was aware of the protected activity; (iii) subsequent to participation in the protected activity, complainant was subjected to an adverse employment action; and (iv) there is

- 2 -

> a causal connection between participation in the protected activity and the adverse employment action. ***Renna v. PPL Elec. Utilities, Inc.***, 207 A.3d 355, 371 (Pa. Super. 2019).

***Id.*** at 4 (emphasis added).[1] Ultimately, the court concluded that Appellant failed to produce any evidence that "his termination was a result of retaliation for engaging in activity protected by the PHRA." ***Id.*** at 7; ***see also id.*** at 5 ("In none of [Appellant's] emails or text messages did [Appellant] allege or suggest that he was being targeted because of his [a]utism, [g]eneral [a]nxiety, or [d]epression. In fact, … [Appellant] himself contended that he was being disciplined for reporting staff neglect, not because of disability-based animus.").

On January 13, 2025, Appellant filed a *pro se* notice of appeal from the January 7, 2025 order to the Pennsylvania Supreme Court at docket no. 4 WT 2025. On January 15, 2025, our Supreme Court transferred the case to the Superior Court. The trial court did not direct Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. On January 16,

---

[1] This Court has clarified that, regarding the first prong of a *prima facie* case of retaliation, 'protected activity' includes "not only an employee's filing of formal charges of discrimination against an employer but also informal protests of discriminatory employment practices, including making complaints to management." ***Renna***, 207 A.3d at 371. "It is axiomatic that the protected activity **must relate to employment discrimination forbidden by the statute**." ***Id.*** (emphasis added). The PHRA states that it is unlawful for an employer to discriminate against an employee "because of [their] race, color, religious creed, ancestry, age, sex, national origin or non-job related handicap or disability or the use of a guide or support animal because of [their] blindness, deafness or physical handicap of any individual or independent contractor…." 43 P.S. § 955(a).

2025, the trial court filed its Rule 1925(a) opinion, in which it incorporated its opinion and order entered on January 7, 2025.

On appeal, Appellant presents the following questions for our review:

I.      Did [Appellant] show the trial court enough evidence to prove retaliation under the PHRA?

II.     Did [Appellant] show the trial court that there was evidence between [his] previous employer and the Hollidaysburg police? And now between counsel for [Appellee] and the District Attorney of Blair County regarding the criminal appeal?[2]

III.    Did [Appellant's] previous employer, [Appellee,] violate the PHRA by terminating [his] employment for submitting a complaint of neglect in good faith? Thus, retaliation?

IV.     Did the [Pennsylvania Human Relations Commission] improperly dismiss the complaint for their stated reasons?

V.      Did the trial judge improperly dismiss this complaint and award summary judgment to [Appellee] even when there were violations of the [r]ules of [d]iscovery?

Appellant's Brief at 8-9.

Preliminarily, we note:

Although this Court is willing to construe liberally materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant. A *pro se* litigant must comply with the procedural rules set forth in the Pennsylvania Rules of the Court. [In fact,] any layperson choosing to represent himself in a legal proceeding must, to some reasonable extent, assume the risk that his lack of expertise and legal training will prove his undoing.

---

[2] While we deem this question confusing, we presume that Appellant's reference to "the criminal appeal" refers to his appeal to this Court from the judgment of sentence imposed on him after he was convicted of harassment (18 Pa.C.S. § 2709(a)(7)). **See** TCOO at 3 (noting that Appellant's criminal conviction stemmed from his "continuing to contact [Appellee's] employees after his termination").

- 4 -

*Smithson v. Columbia Gas of PA/NiSource*, 264 A.3d 755, 760 (Pa. Super. 2021) (internal citations and brackets omitted). Additionally, appellate briefs must conform in all material respects to the briefing requirements set forth in the Pennsylvania Rules of Appellate Procedure. Pa.R.A.P. 2101; *see also* Pa.R.A.P. 2114-2119 (addressing the specific requirements of each subsection of an appellate brief). "This Court may quash or dismiss an appeal if the appellant fails to conform to the requirements set forth in the Pennsylvania Rules of Appellate Procedure." *Commonwealth v. Adams*, 882 A.2d 496, 497 (Pa. Super. 2005) (citation omitted); *see also* Pa.R.A.P. 2101 (stating that if the defects in an appellate brief are substantial, the appeal may be quashed or dismissed).

Pennsylvania Rule of Appellate Procedure 2111(a) mandates that an appellant's brief include the following components:

(1) Statement of Jurisdiction.

(2) Order or other determination in question.

(3) Statement of both the scope of review and the standard of review.

(4) Statement of the questions involved.

(5) Statement of the case.

(6) Summary of argument.

(7) Statement of the reasons to allow an appeal to challenge the discretionary aspects of a sentence, if applicable.

(8) Argument for appellant.

(9) A short conclusion stating the precise relief sought.

> (10) The opinions and pleadings specified in paragraphs (b) and (c) of this rule.
>
> (11) In the Superior Court, a copy of the statement of errors complained of on appeal, filed with the trial court pursuant to Pa.R.A.P. 1925(b), or an averment that no order requiring a statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) was entered.
>
> (12) The certificates of compliance required by Pa.R.A.P. 127 and 2135(d).

Pa.R.A.P. 2111(a).

Regarding an appellate brief's statement of the case, Rule 2117 states, in part, that it shall contain:

> A closely condensed chronological statement, in narrative form, of all the facts which are necessary to be known in order to determine the points in controversy, with an appropriate reference in each instance to the place in the record where the evidence substantiating the fact relied on may be found….

Pa.R.A.P. 2117(a)(4). Moreover, "[t]he statement of the case shall not contain any argument. It is the responsibility of [the] appellant to present in the statement of the case a balanced presentation of the history of the proceedings and the respective contentions of the parties." Pa.R.A.P. 2117(b).

Rule 2118 provides that "[t]he summary of the argument shall be a concise, but accurate, summary of the arguments presented in support of the issues in the statement of questions involved." Pa.R.A.P. 2118. As to the argument section of an appellate brief, Rule 2119 dictates:

> The argument shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part— in distinctive type or in type distinctively displayed—the particular

- 6 -

point treated therein, followed by such discussion and citation of
authorities as are deemed pertinent.

Pa.R.A.P. 2119(a).

Instantly, our review reveals substantial defects in Appellant's brief. To
begin, Appellant's brief lacks a statement of jurisdiction, a copy of the order
in question, and a statement of the applicable scope and standard of review,
in violation of Pa.R.A.P. 2111(a)(1)-(3). Moreover, Appellant's "History of the
Case" fails to comply with the clear directives of Rule 2117. **See** Pa.R.A.P.
2117(a)(4), (b). Not only does this section lack a condensed, chronological
narrative statement of the pertinent facts, it is replete with irrelevant details,
devoid of substantiating references to the certified record, and is a blatantly
partisan piece of writing. **See** Appellant's Brief at 2-8. Appellant also fails to
provide us with a summary of his argument, in violation of Pa.R.A.P.
2111(a)(6). Nor does he divide his argument into "as many parts as there
are questions to be argued" with headings indicating "the particular point
treated therein…." Pa.R.A.P. 2119(a); **see also** Appellant's Brief at 8-12
(listing five questions for our review, but presenting only one, four-paged
paragraph entitled "Argument"). These numerous deficiencies make it difficult
to comprehend Appellant's claims.

Most problematically, however, Appellant fails to adequately develop his
argument. **See generally** Appellant's Brief at 9-12. Aside from making bald
assertions that he "engaged in protected activity," **id.** at 10, and that he
"established a *prima facie* case against [Appellee] for the claim of retaliation
under the PHRA," Appellant fails to point to any evidence in the record or

provide any meaningful discussion of legal authority in support of his claims. "The Rules of Appellate Procedure state unequivocally that each question an appellant raises is to be supported by discussion and analysis of pertinent authority." **Estate of Haiko v. McGinley**, 799 A.2d 155, 161 (Pa. Super. 2002) (citations omitted); **see also** Pa.R.A.P. 2119(a). "Without a reasoned discussion of the law…, our ability to provide appellate review is hampered. It is not this Court's function or duty to become an advocate for the appellant." **Estate of Haiko**, 799 A.2d at 161 (citation and internal brackets omitted).

Thus, even if we liberally construe the materials Appellant filed, the lack of pertinent legal argument precludes us from conducting meaningful review. We are therefore constrained to deem Appellant's issues waived. **See id.**; **see also Commonwealth v. Johnson**, 985 A.2d 915, 924 (Pa. 2009) ("Where an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived.").

> Notwithstanding waiver, we would conclude that no relief is warranted.
>
> Our standard of review of an appeal from an order granting summary judgment is well settled: Summary judgment may be granted only in the clearest of cases where the record shows that there are no genuine issues of material fact and also demonstrates that the moving party is entitled to judgment as a matter of law. Whether there is a genuine issue of material fact is a question of law, and therefore our standard of review is *de novo* and our scope of review is plenary. When reviewing a grant of summary judgment, we must examine the record in a light most favorable to the non-moving party.

***Reason v. Kathryn's Korner Thrift Shop***, 169 A.3d 96, 100 (Pa. Super. 2017) (citation omitted); ***see also Grandelli v. Methodist Hosp.***, 777 A.2d 1138, 1143 (Pa. Super. 2001) (acknowledging that summary judgment is proper where the record "contains insufficient evidence of facts to make out a *prima facie* cause of action or defense and, therefore, there is no issue to be submitted to the jury").

Here, Appellant essentially appears to contest the trial court's finding that he failed to establish a *prima facie* case of retaliation under the PHRA. Upon careful examination of the record, we believe that the well-reasoned opinion authored by the Honorable David B. Consiglio of the Court of Common Pleas of Blair County accurately explains why Appellant has failed to establish a *prima facie* claim upon which relief may be granted, thereby entitling Appellee to summary judgment. As such, we would affirm on the basis of the trial court's January 7, 2025 opinion, and we would adopt Judge Consiglio's opinion as our own, had Appellant not waived his issues for our review.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 9/4/2025

- 9 -