J-S25038-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| IN RE: OTHER | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| APPEAL OF: UZUNG YOON | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 2687 EDA 2024 |

Appeal from the Order Entered September 19, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-MD-0004568-2024

BEFORE: PANELLA, P.J.E., DUBOW, J., and BENDER, P.J.E.

MEMORANDUM BY BENDER, P.J.E.: **FILED SEPTEMBER 4, 2025**

Uzung Yoon, Appellant, appeals *pro se* from the trial court's September 19, 2024 order denying his petition for review of the Philadelphia District Attorney's Office's ("DA") denial of his private criminal complaint. After careful review, we affirm.

The trial court summarized the pertinent facts and procedural history of this case, as follows:

> On February 7, 2024, [Appellant] filed a complaint with the Philadelphia Police Department against his ex-wife, Grace Yun, alleging before, during, and after their New York Custody[ Action], his ex-wife committed perjury and falsified documents. On May 9, 2024, [Appellant] filed the private criminal complaint with the [DA] against his ex-wife. [Appellant] alleged Ms. Yun "repeatedly introduced voluminous documents and evidence containing false statements and lies … under penalty of perjury to the Philadelphia Family Court" and presented numerous false statements in the New York Nassau Supreme Court. [Appellant] alleges that during their proceedings in New York, Ms. Yun lied about never having a marital home in Philadelphia; being the primary custodial parent;

[Appellant's] not having custody; the child only living in New York; giving [Appellant] access to the child immediately after birth; and COVID-19 restrictions preventing [Appellant] from attending the birth. [Appellant] further alleged [that] Ms. Yun engaged in tampering with evidence and "fraudulently calculated childbirth-related expenses for maximum financial gain" during their proceedings in New York. The [DA's] Office declined to proceed with the complaint, citing prosecutorial discretion[,] as the complaint lacked prosecutorial merit and should be resolved in civil court. The DA also cited evidentiary problems and insufficient evidence.

On August 20, 2024, [Appellant] filed a petition for review of the disapproval of his private criminal complaint. On September 19, 2024, this [c]ourt heard the petition for review of the disapproval of the private criminal complaint. At the hearing, the DA reiterated the reasons for disapproval as "prosecutorial discretion, [it] lacks prosecutorial merit, [the] matter should be resolved in [c]ivil [c]ourt, [there is] insufficient evidence, [there are] evidentiary problems," and [there would be] difficulty in proving the nature of the allegations. The DA supported their argument citing **In Re: Ajaj**, 288 A.3d 94 (Pa[.] 2023). [Appellant] argued that there was enough evidence to move forward[,] as the evidence [was] clear from the New York trial.

This [c]ourt denied the petition for review of the disapproval of the private criminal complaint.

Trial Court Opinion (TCO), 12/3/24, at 1-2 (citations to the record and footnote omitted).

Appellant filed a timely, *pro se* notice of appeal, and he and the trial court complied with Pa.R.A.P. 1925. Herein, Appellant raises eight issues for our review:

1. Did the [DA's] Office abuse its discretion or commit an error of law in violation of constitutional principles?

2. Did the [DA's] Office abuse its discretion or commit an error of law by engaging in denial of the private criminal complaint despite the existence of evidence that establishes a *prima facie* case?

- 2 -

3. Did the [DA's] Office abuse its discretion or commit an error of law by engaging in conduct that was discriminatory, arbitrary, capricious, pretextual, fraudulent, and undertaken in bad faith?

4. Did the lower court abuse its discretion or commit an error of law in violation of constitutional principles?

5. Did the lower court abuse its discretion or commit an error of law by applying incorrect legal standards in evaluating the [DA's] Office's alleged abuse of discretion?

6. Did the lower court abuse its discretion or commit[] an error of law [when it] relied on arbitrary reasons, incorrect legal definitions, and unsupported conclusions that were not grounded in evidence[?]

7. Did the lower court abuse its discretion or commit an error of law by improperly dismissing evidence that established a *prima facie* case?

8. Did the lower court abuse its discretion or commit an error of law by impermissibly substituting its own judgment?

Appellant's Brief at 9-10.

We begin by noting that,

[a]lthough this Court is willing to construe liberally materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant. A *pro se* litigant must comply with the procedural rules set forth in the Pennsylvania Rules of the Court. [In fact,] any layperson choosing to represent himself in a legal proceeding must, to some reasonable extent, assume the risk that his lack of expertise and legal training will prove his undoing.

**Smithson v. Columbia Gas of PA/NiSource**, 264 A.3d 755, 760 (Pa. Super. 2021) (internal citations and brackets omitted).

Here, although Appellant states eight issues in the "Statement of the Questions Involved" section of his *pro se* brief, his "Argument" section contains 24 delineated headings and sub-headings which do not correspond in sequence, or entirely in substance, to the eight issues he sets forth in his

"Statement of the Questions Involved." *See* Pa.R.A.P. 2119(a); *see also* Appellant's Brief at 20-60. Our review is further hampered by the fact that Appellant raised 31 different claims in his *pro se* Rule 1925(b) statement, and the trial court noted that some of those issues were not asserted before Appellant filed that concise statement. *See* TCO at 5 n.2 (noting that Appellant's assertion "that the DA's conduct was dishonest, fraudulent, and corrupt" was not raised until his Rule 1925(b) statement was filed). We will not scour through the record, Appellant's lengthy Rule 1925(b) statement, and his appellate brief to discern which issues he has adequately preserved for our review. Instead, we conclude that Appellant's failure to clearly, consistently, and succinctly identify his claims before the trial court and this Court has waived them for our review.

Notwithstanding waiver, had we reached the merits of Appellant's claims we would have concluded that no relief is due. Pennsylvania Rule of Criminal Procedure 506 addresses the approval of private complaints and states, "When the affiant is not a law enforcement officer, the complaint shall be submitted to an attorney for the Commonwealth, who shall approve or disapprove it without unreasonable delay." Pa.R.Crim.P. 506(A). Our Supreme Court has directed that, "when reviewing a prosecutor's decision disapproving a private criminal complaint under Rule 506, a court of common pleas may only overturn that decision if the private complainant demonstrates that the disapproval decision amounted to bad faith, occurred due to fraud, or was unconstitutional." *Ajaj*, 288 A.3d at 109. In so holding, the *Ajaj* Court

"denounce[d] the prior rubric, where the applicable standard of review depended on the asserted basis for the prosecutor's disapproval decision." ***Id.*** (citations omitted). "In addition, for purposes of determining whether the prosecutor's disapproval decision amounted to bad faith," the Court "adopt[ed] the definition of bad faith advanced by Justice Cappy in his opinion in support of reversal in [***Commonwealth v.***] ***Brown***[, 708 A.2d 81 (Pa. 1998),] and [held] that bad faith is demonstrated when the prosecutor acted with a fraudulent, dishonest, or corrupt purpose." ***Id.*** (citing ***Brown***, 708 A.2d at 87 (Cappy, J., opinion in support of reversal)). The ***Ajaj*** Court premised its holding on the import of ensuring "that a court of common pleas will afford proper deference to the discretionary decision of the prosecutor—a member of the executive branch of the Commonwealth's government." ***Id.*** at 109-10 (citation omitted).

Here, we would discern no impropriety in the trial court's decision to deny Appellant's petition for review of the prosecutor's dismissal of his private criminal complaint. ***See id.*** at 110 (noting that, in normal circumstances, an appellate court's review of a trial court's determination regarding a prosecutor's decision on a private criminal complaint is "limited to ascertaining the propriety of the trial court's actions"). After recognizing the appropriate standard of review set forth in ***Ajaj***, ***supra***, the trial court explained:

> This [c]ourt properly found that [Appellant] failed to meet his burden to show that the [DA] acted in bad faith in the disapproval of this private criminal complaint. [Appellant] alleged that the DA's decision was unconstitutional as it violated his "right to an investigation" and his right to due process[,] and that the DA's

conduct was dishonest, fraudulent, and corrupt.[2] However, no evidence in the record supports any of [Appellant's] allegations. The record overwhelmingly shows that the DA had sound reasons for the disapproval, as there are severe evidentiary issues and insufficient evidence to support the claims of [Appellant] against his ex-wife. Most of the relevant conduct that [Appellant] refers to occurred outside of Pennsylvania. The evidence provided is insufficient to prove probable cause of Ms. Yun['s] committing the alleged crimes.[3] The finding[s] of fact and conclusions of law from the Supreme Court of the State of New York, County of Nassau[,] shows compelling evidence against the claims made by [Appellant].[4] Further, no evidence in the record supports the claims [Appellant] makes.

> [2] These allegations were not mentioned before Appellant's Statement of [Errors] Complained of on Appeal Pursuant to … Rule 1925(b).
>
> [3] The evidence provided does not support a finding that Ms. Yun lied as [Appellant] alleged, engaged in evidence tampering, nor fraudulently calculated expenses.
>
> [4] The Finding[s] of Fact and Conclusions of Law by the Supreme Court of New York, Nassau County[,] found that evidence that the conduct [Appellant] alleged, such as Ms. Yun['s] lying about never having a marital home in Philadelphia, being the primary custodial parent, [Appellant's] not having custody, the child only living in New York, giving [Appellant] access to the child immediately after birth, and COVID-19 restrictions preventing [Appellant] from attending the birth did not occur.

[Appellant] failed to meet his burden to establish the DA acted in bad faith in the disapproval of the private criminal complaint. The DA stated the reasons for denial were evidentiary problems and insufficient evidence. The record presented to this [c]ourt shows ample evidence supporting the DA's decision. [Appellant] failed to offer any evidence to support his allegations against the DA. This [c]ourt properly determined that the DA did not abuse [its] discretion in the disapproval of the private criminal complaint.

TCO at 4-5 (citations to the record omitted).

Appellant's argument would not demonstrate that the trial court's decision was improper. Appellant avers that the DA acted in bad faith because it failed to present "any evidence" to support its decision, yet he cites no case law to support that the DA had any burden to present such evidence. Appellant's Brief at 28; *see also id.* at 31-32 ("As the evidence shows beyond a reasonable doubt, a *prima facie* case exists, yet the District Attorney's Office failed to provide any evidence to support their conclusion.").

Appellant also claims that the DA acted in bad faith by failing to adequately investigate the evidence that Appellant presented, which he insists was sufficient to show a *prima facie* case that Ms. Yun committed perjury. *Id.* at 32 ("Here, the [prosecutor] dismissed the perjury claim, citing 'insufficient evidence' and 'difficulty to prosecute' without conducting a thorough examination of the available evidence."); *id.* at 34 ("Making false statements to the lower [c]ourt regarding the lack of prosecutorial merit, insufficient evidence, and evidentiary problems[,] while refusing to investigate[,] constitutes fraud and was undertaken in bad faith."). However, Appellant makes only generalized allegations that Ms. Yun provided false statements in sworn testimony and court filings, and does not meaningfully discuss **what** those false statements were, or explain **how** he could **prove** that they were fabrications. For example, Appellant states that he "forwarded a binder with nearly 700 pages of documentation to the District Attorney's Office, with false statements highlighted in red for easier identification[,]" *id.* at 26, but he does not explain how he could prove that Ms. Yun's statements were actually false.

Thus, even had Appellant preserved his issues for our review, we would conclude that the court did not act improperly by denying his petition for review of the DA's disapproval of his private criminal complaint.

Order affirmed.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>9/4/2025</u>